## Weinstein Liquor License Case.

Argued March 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Abraham J. Levinson,* for appellants.

*Horace A. Segelbaum,* Deputy Attorney General, with him *J. Myron Shimer,* Special Deputy Attorney General and *James H. Duff,* Attorney General, for appellee.

OPINION BY ROSS, J., July 19, 1946:

The appellants in this case, Gertrude and Max Weinstein, were the holders of a retail liquor license issued under the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as re-enacted and amended (47 PS sec. 744-1 et seq.). The license was revoked by the Pennsylvania Liquor Control Board for violations of the Act. The appellants appealed from the board's order of revocation to the court below. The court below sustained the order and dismissed the appeal, and this appeal followed.

The question before this court is whether sec. 410 of the Pennsylvania Liquor Control Act (47 PS 744-410) which confers upon the Pennsylvania Liquor Control Board the power and authority to suspend or revoke liquor licenses for violations of the provisions of the said Act is in contravention of Article II, sec. 1 of the Constitution of Pennsylvania and, therefore, is invalid as an unlawful delegation of legislative power.

Article II, sec. 1 of the Constitution of Pennsylvania states that "The legislative power of this Commonwealth shall be vested in a General Assembly which shall consist of a Senate and a House of Representatives." Section 410 of the Pennsylvania Liquor Control Act provides, inter alia, "Upon learning of any violation of this Act, or any laws of this Commonwealth relating to liquor, alcohol, or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of any laws of this Commonwealth or of the United States of America relating to the tax payment of liquor or malt or brewed beverages by any licensee, his officers, servants, agents or employes, or upon any other sufficient cause shown, the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked. Hearings on such citation shall be held in the same manner as provided herein for

hearings on applications for license. Upon such hearing, if satisfied that any such violation has occurred, or for other sufficient cause, the board shall immediately suspend or revoke the license, notifying the licensee thereof, by registered letter addressed to his licensed premises."

The question of delegation of legislative power has been before our courts many times, and the rule is well established that the legislature, although it cannot delegate its power to make a law, can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. *Marchines v. Pennsylvania Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 1, 24 A. 2d 691; *Gima v. The Hudson Coal Co.,* 106 Pa. Superior Ct. 288, 161 A. 903; affirmed in 310 Pa. 480, 165 A. 850; *Locke's Appeal,* 72 Pa. 491. In *Locke's Appeal,* Mr. Justice AGNEW stated, "To assert that a law is less than a law because it is made to depend on a future event or act, is to rob the legislature of the power to act wisely for the public welfare, whenever a law is passed relating to a state of affairs not yet developed, or to things future, and impossible to be fully known . . . If a determining power cannot be conferred by law, there can be no law that is not absolute, unconditional and peremptory; and nothing which is unknown, uncertain and contingent can be the subject of law." It would appear that the true distinction is between the delegation of power to make a law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made. *Chester County Institution District et al. v. Commonwealth et al.,* 341 Pa. 49, 17 A. 2d 212; *Panama Refining Co. v. Ryan,* 293 U. S. 388; *Union Bridge Co. v. U. S.,* 204 U. S. 364.

The power conferred upon the Liquor Control Board to suspend or revoke a license previously issued by it is an administrative, and not a legislative, function. In

*Commonwealth v. Funk*, 323 Pa. 390, at page 398, 186 A. 65, our Supreme Court, speaking through Mr. Justice BARNES, stated, ". . . the legislature has created, inter alia, the Public Service Commission, the Workmen's Compensation Board, the Board of Moving Picture Censors, and the Liquor Control Board. Similarly, under the federal Constitution administrative boards, such as the Interstate Commerce Commission, have been created. These agencies perform an administrative rather than a legislative or judicial function, their determinations by express statutory provisions being subject to review by the courts." This court, speaking through Judge CUNNINGHAM, in the *Penelope Club Liquor License Case,* 136 Pa. Superior Ct. 505, at page 513, 7 A. 2d 558, stated, "In the absence of any constitutional provision prescribing the procedure by which the facts sufficient to justify the revocation of a liquor license shall be ascertained, the legislature was at liberty to provide the procedure it deemed wise, and to change it from time to time . . .", and at page 514, "We are not convinced that any *constitutional* or substantive rights of appellant have been affected by the action of the legislature in transferring, during the current license year, the power to declare, in the first instance, a *revocation* of the license and a forfeiture of the bond from the quarter sessions to the board. As the matter complained of upon this branch of the case was, in our opinion, merely a matter of procedure, appellant cannot escape liability under its bond upon the ground suggested in its second proposition." (Italics supplied.)

In the case at bar, the appellant challenges the constitutionality of the statute on the ground that the legislature has not set out the precise criteria to determine what offenses would justify the *revocation* of a license, and what offenses would call for a *suspension* of the license only. We are of the opinion that this contention is without merit.

Statutes in the alternative depending upon the discretion of some person or persons to whom is confided the duty of determining whether the proper occasion exists for executing them are not an improper delegation of legislative power. Chief Justice BLACK in *Moers v. City of Reading*, 21 Pa. 188, at page 202, said, "Half the statutes on our books are in the alternative, depending on the discretion of some person or persons to whom is confided the duty of determining whether the proper occasion exists for executing them. But it cannot be said that the exercise of such a discretion is the making of the law." The state may confer discretionary powers upon an administrative board (*Commonwealth v. Funk, supra*), and uniformly the federal Supreme Court has upheld this power. *Davis v. Mass.*, 167 U. S. 43; *Wilson v. Eureka City*, 173 U. S. 32; *Gundling v. Chicago*, 177 U. S. 183; *People ex rel. Lieberman v. Van deCarr*, 199 U. S. 552.

The power given to the Liquor Control Board to suspend or revoke a license is a discretionary power to be exercised in the execution of the liquor control law, and the fact that the penalty to be imposed depended upon the discretion of the Liquor Control Board is not an improper delegation of legislative power. It was not only impractical but almost impossible for the legislature to anticipate all the various situations that might arise in citation cases and provide therefor by specific standards or to classify them. Many circumstances might, and as a matter of fact do, enter into the pronouncement of judgment: a distinction between minor offenses and more flagrant cases, first offenses, prior good reputation of the licensee or the licensed premises, cases in which a careless employe may violate the law in the absence of the licensee, who, in the opinion of the board, has endeavored to comply with the law under which he is responsible for violations committed by his employes, etc. The legislature wisely and properly left it to the discretion of the Liquor Control Board to decide whether a license should

be withdrawn permanently or temporarily, each case viewed in the light of circumstances and facts attending it. The legislature circumscribed this discretionary power, and delegation to the Liquor Control Board of the power to do something that is in itself circumscribed, after facts are found, is not the delegation of a legislative function. *Wilson et ux. v. Philadelphia School District et al.*, 328 Pa. 225, 195 A. 90.

Order affirmed.