**Commonwealth v. Griswold**

*Rudolph J. Van der Hiel, District Attorney,* for Commonwealth.

*Patrick Fiero,* for defendants.

KEMP, *P. J.,* January 20, 1975—The three defendants in these summary cases were convicted before district magistrate Eleanor Trask of violating section 601 of the Game Law of June 3, 1937, P.L. 1225, as amended, 34 PS §1311.601, and were fined $50. each, in accordance with section 610 of that law, 34 PS §1311.610.

Specifically, defendants were accused by game protector John K. Weaver of setting traps within 25 feet of an established beaver house or structure in violation of regulations of the Game Commission promulgated pursuant to the authority delegated to it by section 501. The particular regulation alleged to have been violated is found in the *Pennsylvania Bulletin* of 29 April, 1972, and reads in pertinent parts:

"Pursuant to the authority of §601 of the Act of June 3, 1937, P.L. 1225, as amended June 24, 1939, P.L. 810, and §604, of the same Act as amended May 15, 1945, P.L. 519, PS 34 §§1311.601 and 604, the Game Commission proposes to amend former rules and regulations adopted by the Commission pertaining to beaver trapping to read as follows:

\*    \*    \*    \*    \*

"B.  In addition to the restrictions as fixed by law for taking of beavers during any open season, the

following added special regulations shall apply and it shall be unlawful to:

*   *   *   *   *

"3. Set a trap or traps for any purpose on the structure of any established beaver dam or beaver house, or within 25 feet of either said beaver dam or house; such measurement shall be made from directly above the trap, across the water, ice or land, to the nearest point of either structure:" 2 Pa. B. 772-773.

By its further order dated 1 June 1972, the Game Commission adopted the proposed regulations as "necessary and appropriate for the administration and enforcement of the authorizing statutes:" 2 Pa.B. 1074.

At a trial de novo of the alleged summary offenses, this court heard the testimony of game protector Weaver and a fellow-officer for the Commonwealth and of one defense witness who, apparently, was familiar with the habits of beavers. There was no doubt that defendants had set traps within 25 feet of some structure. The thrust of the defense case was that the structure in question does not fall within the prohibition of the regulation. The testimony of the defense witness was that the structure was not a lodge where beavers eat or sleep, nor was it a dam built to restrict the flow of water, but it was, at most, a place where a beaver might pause in his underwater journey, rise above the water level and breathe while still protected from the elements by some structure over his head. All witnesses agreed that the structure was made by beavers; there was some indication that it may have been a dilapidated lodge or a small structure on the foundation of an old lodge.

Defense counsel argued further that the promulgation of the regulation by the Game Commission

was a constitutionally invalid delegation of legislative power. We shall consider this purely legal issue first.

We have found no reported cases dealing with delegation of legislative power and referring specifically to section 601 of the Game Law. However, several courts in this Commonwealth have considered similar arguments as to other portions of the Game Law and other courts have reviewed challenges to administrative authority such as that of our Game Commission.

In Commonwealth v. Graver, 34 D. & C. 2d 171 (Carbon County, 1964), defendant was convicted before a magistrate of illegally entering a state propagation area, contrary to section 940 of the Game Law (34 PS §1311.940) and regulations promulgated thereunder by the Game Commission. He raised the issue of delegation to the commission of legislative authority and Judge Heimbach affirmed the conviction, holding the statute and the regulations to be constitutionally permissible. The court noted that it was the General Assembly, and not the Game Commission, which made the violation a crime and set the penalty, the latter in section 943 of the Game Law. Judge Heimbach (at p. 181) quoted the following language of Judge Ross in the Weinstein Liquor License Case, 159 Pa. Superior Ct. 437, 439, 48 A. 2d 1, 2 (1946):

". . . It would appear that the true distinction is between the delegation of power to make a law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made. . . ."

In Commonwealth v. Philp, 13 D. & C. 2d 769 (Elk County, 1957), Judge Trambley similarly upheld section 940, although on the facts of the case he found the defendant not guilty. He cited the leading case of United States v. Grimaud 220 U.S. 506, 31 S. Ct. 480, 55 L. Ed. 563 (1911).

In Grimaud, defendant was prosecuted for grazing sheep in the Sierra Forest Reserve in California without having obtained the permit required under regulations promulgated by the Secretary of Agriculture pursuant to an act of Congress authorizing such regulations and establishing penalties for their violation. The court upheld the constitutional validity of the regulations, reversed the lower courts' sustaining of a demurrer and, at 220 U.S. 520, quoted with approval the following language of Mr. Justice Harlan in Field v. Clark, 143 U.S. 649, 694 (1892), who, in his turn, was quoting the opinion of Pennsylvania Supreme Court Justice Agnew in Locke's Appeal, 72 Pa. 491, 498-499 (1873):

". . . The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which cannot be known to the law-making power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation. . . ."

It is obvious that the reasoning quoted in the above-cited case must control the cases at bar. We

hold the regulation promulgated by the Game Commission pursuant to section 601 of the Game Law to be a valid exercise of a properly delegated legislative authority. The Game Commission finds the facts and circumstances upon which the law depends, but the legislature defines the areas to be regulated and sets the penalties for violations.

Turning to the factual argument, again we must find against defendants. The Commonwealth proved by competent evidence that there were traps belonging to defendants within 25 feet of a structure, and defendants did not assert that they had not set such traps. The defense chose rather to make its stand on the premise that the structure in question is not one protected by the regulation.

The language of the regulation prohibits the setting of traps for any purpose within 25 feet of "any established beaver dam or beaver house." This language does not make the distinction which the defense asserts between the structures used for feeding and sleeping and those used by the beaver for other purposes, *e.g.* to rise above water level to breathe. Without getting into a quibble about the meaning of the words "structure" and "established," we hold that the structure in question was an "established beaver house" within the protection of the regulation. It is the intent of the Game Commission to protect beaver colonies from trapping practices which would deplete their numbers to a point which the commission, in its expertise, deems unwise. It is clear from the wording of the regulation that the commission does not want trapping in areas of the beaver's habitual daily activities, which must include breathing. To require the Commonwealth to prove by direct testimony that the structure in question actually was used by

beavers during the time period at issue is an absurd extreme to which the law does not go.

## ORDER

And now, January 20, 1975, in accordance with the foregoing opinion, the findings of guilt and imposition of fines by the district magistrate are sustained as to all three defendants and their appeals are hereby dismissed. Costs of prosecution will be divided equally among the three defendants.