In the Matter of: Quaker City Development Co., Inc., Penrose Avenue and Penrose Ferry Road, Philadelphia, Pa. 19145. Quaker City Development Co., Inc., Appellant.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Michael D. Dioretti,* with him *Peruto, Ryan & Vitullo,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 16, 1976:

Quaker City Development Co., Inc. (Appellant) comes to us on appeal from an order of the Court of Common Pleas which affirmed the order of the Pennsylvania Liquor Control Board (Board) suspending Appellant's hotel liquor license for five (5) days. After conducting hearings, both the Board and the court below found as a fact that Appellant, by its servants, agents or employes had permitted gambling on the licensed premises on August 15, 1974.

The record discloses that on August 15, 1974, Appellant leased its premises to a church group which conducted a bingo game, the proceeds of which were to benefit the church.

Section 471 of the Liquor Code[1] (Code) provides: "Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America relating to the tax payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, *or upon any other sufficient cause shown,* the board may . . . cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked or a fine imposed. . . . Upon such hearing, if satisfied that any such violation has occurred or for other sufficient cause, the board shall immediately suspend or revoke the license, or impose a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000)." (Emphasis added.)

The Pennsylvania Crimes Code[2] provides that a person is guilty of a misdemeanor if he: "(4) being the owner, tenant, lessee or occupant of any premises, knowingly permits or suffers the same, or any part thereof, to be used for the purpose of unlawful gambling."

In a case of this type, our review is to determine whether sufficient evidence supports the Board's order, after having found as a fact that a law had been violated, and whether the court below committed an error of law or abused its discretion. *Commonwealth of Pennsylvania v. Wisnoff Co.*, 13 Pa. Commonwealth Ct. 371, 318 A.2d 774 (1974). The license revocation proceeding is administrative rather than criminal in nature. Therefore, there need only be a preponderance

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.
[2] 18 Pa. C.S. §5513.

of the evidence of violation of the criminal law. *Pennsylvania Liquor Control Board v. Petty,* 216 Pa. Superior Ct. 55, 258 A.2d 874 (1969). It need not require, as Appellant urges, an arrest or conviction under the Crimes Code. The record indicates that there is sufficient evidence to support the finding that Appellant permitted gambling upon its licensed premises. Thus, Appellant's first argument falls.

Appellant next contends that the provision of Section 471 of the Code allowing suspension "upon any other sufficient cause shown" is unconstitutionally vague. It is well settled that due process requires criminal statutes to be sufficiently certain and definite to inform an accused of the acts which the statute is intended to prohibit and which will render him liable to its penalties. *City of Chester v. Elam,* 408 Pa. 350, 356, 184 A.2d 257, 260 (1962). Our Supreme Court, in *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959), has held: "Nor, as appellants intimate, are we confronted with a criminal statute requiring strictness of interpretation as to vagueness and indefiniteness under the *due process* clause of the Fourteenth Amendment itself. A proceeding to suspend or revoke a liquor license under the liquor laws has always been considered civil and administrative and not criminal in nature." 395 Pa. at 364, 150 A.2d at 118.[3] (Emphasis in original.) Thus, Section 471 of the Code need not conform to the strict notice requirements applicable to criminal statutes.

Referring to the same section of the Code under attack in the instant case, the Superior Court, in *Weinstein Liquor License Case,* 159 Pa. Superior Ct. 437, 48 A.2d 1 (1946), has stated that: "It was not only im-

---

[3] The provision under attack in *Tahiti Bar, Inc., supra,* was Section 493(10) of the Code, 47 P.S. §4-493(10), making it unlawful for a licensee to permit "lewd, immoral or improper entertainment" on licensed premises.

practical but almost impossible for the legislature to anticipate all the various situations that might arise in citation cases and provide therefor by specific standards or to classify them.'' 159 Pa. Superior Ct. at 441, 48 A.2d at 3.

Section 104(a) of the Code, 47 P.S. §1-104(a), provides: ''This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever the open saloon, and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose.''

In our view, Section 104(a) provides an adequate standard upon which the Liquor Control Board can base its discretion and upon which licensees can rely in conducting their licensed activities. For the foregoing reasons, we hold that Appellant's ''vagueness'' contention has no merit.

Affirmed.

Judge Kramer did not participate in the decision in this case.