## Mancini v. Yerkes

*Leonard Schaeffer*, for plaintiff.
*Sidney L. Gold*, for defendant.

MIRARCHI, JR., *A.J.*, February 21, 1979—The instant civil matter was initiated by the filing of a complaint in assumpsit. Defendant filed preliminary objections pursuant to Pa.R.C.P. 1017(b), and it is those objections which are before this court for disposition.

In summary, plaintiff's complaint sets out two causes of action in two separate counts.

First, plaintiff alleges that plaintiff and defendant entered into an oral agreement whereby plaintiff agreed to invest $10,000 in bingo games operated and organized by defendant, and defendant agreed to give plaintiff eight percent of the profits of the games. Pursuant to the agreement, plaintiff gave defendant $10,000; however, plaintiff never received any return on his investment but defendant returned plaintiff's original $10,000 investment. Plaintiff alleges that defendant's net profits were $420,500, and that consequently, he was owed $33,640, i.e., eight percent of those profits.

Second, plaintiff alleges a second oral agreement whereby plaintiff agreed to invest $10,000 in a bingo game that was not yet in operation. In return for the investment, defendant would pay plaintiff ten percent of the profits of the bingo game. Plaintiff gave defendant $10,000; however, defendant advised plaintiff that he was not going to start the game and was not going to return plaintiff's investment. Plaintiff has requested the return of the $10,000 and defendant has refused to return it.

Defendant's preliminary objections are in the na-

ture of a demurrer, and essentially defendant argues that since the contracts relied on by plaintiff were illegal in that they involved investments in a bingo game, the contracts are unenforceable.

A contract is illegal "if either its formation or its performance is criminal, tortious, or otherwise opposed to public policy." See Restatement, Contracts, §512; Contractor Industries v. Zerr, 241 Pa. Superior Ct. 92, 359 A. 2d 803 (1976). It has been established that the game of bingo is unlawful gambling and is violative of the criminal statutes of Pennsylvania. See Commonwealth v. Blythe, 178 Pa. Superior Ct. 575, 115 A. 2d 906 (1955); Appeal of Quaker City Development Co., Inc., 25 Pa. Commonwealth Ct. 190, 359 A. 2d 835 (1976). Consequently, the contract involved in the matter before this court is illegal since its performance, i.e., the operation of a bingo game, is a violation of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §5513.

Generally, the courts will not enforce an illegal contract. See R & R Trucking Co. v. Lewis Steel Prod. Corp., 424 Pa. 34, 225 A. 2d 687 (1967). However, a claim connected with an illegal contract is enforceable if plaintiff does not require the illegal transaction to establish the claim. See O'Brien v. O'Brien Steel Construction Company, 440 Pa. 375, 271 A. 2d 254 (1970). When a plaintiff can prove his case without reliance on the illegal transaction, the illegality will not bar plaintiff's recovery. See Deposit Nat. Bank v. Beaver Trust Co., 68 Pa. Superior Ct. 468 (1917). In addition, Restatement, Contracts, §605, provides further that: "Where money has been paid or goods have been delivered under a bargain containing illegal provisions the money or the value of the goods can be recovered so

long as the illegal part of the bargain is wholly unexecuted, unless entering into the bargain involves serious moral turpitude on the part of the plaintiff."

In the instant case, there is no question that Count I of plaintiff's complaint is founded solely on an illegal transaction, i.e., the conduct of a bingo game. Therefore, this court cannot permit plaintiff to recover on this count.

With respect to Count II, the issue is not as clear-cut. Plaintiff's claim alleges that his investment was to be used to finance a bingo game; however, the bingo game was never started, and it appears that section 605, Restatement, Contracts, supra, is applicable. But Count II of plaintiff's complaint alleges that a bingo game was the intent of this agreement; and this court is precluded from lending its aid to a plaintiff who relies on an illegal transaction. See R & R Trucking Co. v. Lewis Steel Prod. Corp., supra. Consequently, as Count II is presently stated, no relief can be afforded plaintiff. However, as the Supreme Court of Pennsylvania stated in O'Brien, supra, if plaintiff can establish his claim without relying on the illegal transaction, the contract is enforceable. Therefore, plaintiff should be given leave to amend Count II of his complaint.

Accordingly, it is ordered and decreed that:

1. Defendant's preliminary objections to Count I of plaintiff's complaint are sustained and Count I is dismissed; and

2. Defendant's preliminary objections to Count II of plaintiff's complaint are sustained with plaintiff granted leave to file an amended complaint within 30 days of the date of this order.