In the Matter of Revocation of Club Liquor License No. C-5745 Issued to—Shiloh American Legion Post 791 Home Association Etc.

Shiloh American Legion Post 791 Home Association, Appellant.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Frank J. Goldenberg,* with him *Robert H. Griffith, Markowitz, Kagen & Griffith,* for appellant.

*J. Leonard Langan,* Counsel, with him *James J. Fitzgerald, III,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, September 17, 1981:

Shiloh American Legion Post 791 Home Association (Shiloh) appeals here from an order of the Court of Common Pleas of York County, entered August 19, 1980, that affirmed the order of the Pennsylvania Liquor Control Board (PLCB) imposing a $250 fine upon Shiloh for permitting gambling on its premises.

The facts are not in dispute. On December 13, 1979, a PLCB agent went to Shiloh's premises to investigate complaints concerning gambling. After identifying herself and being admitted to the premises, the agent observed sixteen punch boards in plain view about the bar area. Acting pursuant to Section 471 of the Liquor Code (Code),[1] the PLCB imposed a $250 fine against Shiloh for permitting gambling on its premises. Shiloh appealed to the Court of Common Pleas of York County. A hearing was held on July 21, 1980, at which time a PLCB agent testified to the events of December 13, 1979. In an order entered August 19, 1980, the lower court dismissed Shiloh's appeal and affirmed the decision of the PLCB. Shiloh appealed to this Court. We affirm.

Section 471 of the Code provides in pertinent part as follows:

> Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America relating to the tax-payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, or *upon any other sufficient cause shown*, the board may . . . cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked or a fine imposed. . . . Upon such hearing, if satisfied that any such violation has occurred or for other sufficient cause, the board shall immediately suspend or revoke the license, or impose

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000). . . . (Emphasis added.)

47 P.S. §4-471.

Our scope of review in a case of this nature is to determine whether there is evidence to support the PLCB's order appealed from and whether the court below committed an error of law or an abuse of discretion. *Quaker City Development Co., Inc. Liquor License Case*, 25 Pa. Commonwealth Ct. 190, 359 A.2d 835 (1976).

In the instant case Shiloh argues that the PLCB does not have authority to inspect a private club holding a liquor license for gambling devices. We disagree. It has long been held that permitting gambling, a violation of the Crimes Code,[2] on PLCB licensed premises is "sufficient cause" under Section 471 of the Code for imposing sanctions on the licensee. *V. J. R. Bar Corp. v. Liquor Control Board*, 480 Pa. 322, 390 A.2d 163 (1978); *Quaker City, supra;* and *I.B.P.O.E. Liquor License Case*, 163 Pa. Superior Ct. 395, 62 A.2d 68 (1948). PLCB agents therefore have the authority to inspect a private club for the purposes of determining whether gambling is being conducted on the premises.[3]

Accordingly, Shiloh's argument that the testimony of the PLCB agent should not have been considered by the lower court must fail.

Order affirmed.

---

[2] 18 Pa. C. S. §5513.

[3] *Commonwealth v. Cunningham*, an unreported case in the Court of Common Pleas of Adams County (No. CC-166-77, filed January 23, 1978), relied upon by Shiloh in support of its position was a criminal action, not a citation proceeding. Furthermore, by virtue of a recent decision by the Superior Court of Pennsylvania, *Commonwealth v. Runkle*, Pa. Superior Ct. , 430 A.2d 676 (1981), *Cunningham* is no longer the law.

## Order

AND Now, this 17th day of September, 1981, the order of the Court of Common Pleas of York County, entered August 19, 1980 in the above-captioned matter is hereby affirmed.