Allegheny Beverage Company, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

In Re: Allegheny Beverage Company. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

In Re: Allegheny Beverage Company, Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 6, 1982, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Michael A. Della Vecchia, Evashavik, Capone, Evans & Della Vecchia,* for appellant, Allegheny Beverage Company, Inc.

*Gary F. DiVito,* Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant, Pennsylvania Liquor Control Board.

OPINION BY JUDGE BLATT, July 19, 1982:

Involved here is the interpretation and application of Section 431(b) of the Liquor Code (Code),[1] which provides, *inter alia,* as follows:

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-431(b).

Each out of State manufacturer of malt or brewed beverages whose products are sold and delivered in this Commonwealth shall give distributing rights for such products in designated geographical areas to specific importing distributors, and such importing distributors shall not sell or deliver malt or brewed beverages manufactured by the out of State manufacturer to any person issued a license under the provisions of this act whose licensed premises are not located within the geographical area for which he has been given distributing rights by such manufacturer....

The essential facts in this consolidated appeal are not in dispute. The licensee, Allegheny Beverage Company, Inc., (Allegheny Beverage) a secondary importing distributor, has sold and/or delivered malt or brewed beverages on numerous occasions to licensees located outside the geographical areas assigned to its primary importing distributor by the manufacturers of said beverages. As a consequence of these sales, it was cited on two separate occasions by the Pennsylvania Liquor Control Board (PLCB) for violating Section 431(b) of the Code, and, after a hearing held for each citation, it was fined $400 for the first violation and $500 for the second. An appeal of each fine was taken to the Court of Common Pleas of Allegheny County where Allegheny Beverage argued that it did not knowingly violate the Code, and it said that the PLCB had not provided it with an orientation session concerning its statutory or regulatory responsibilities in the operation of its licensed business. In the court's opinion regarding the first citation and fine, it was held that:[2]

_____

[2] The court below made the following findings of fact in its opinion addressing the first citation:

> It is clear that while Appellant committed a technical infraction of the sale requirements of the Liquor Code, no instructions by the Board as to sale rules and regulations was ever afforded to Appellant and Appellant was entitled to a warning rather than the imposition of a fine or any other penalty for its failure to follow the requirements of the Code and regulations prescribed by the Board.

The court then entered an order reversing the PLCB's imposition of the $400 fine for the first citation. In a second opinion addressing the second citation and fine the court found[3] that Allegheny Beverage had been adequately warned by the first citation, and held it in violation of Section 431(b) of the Code, dismissing its appeal. An order was entered, however, modifying and reducing the fine imposed for the second citation from $500 to $400 on the basis that:

> (1) That the Pennsylvania Liquor Control Board is obligated to orient each new licensee, and in the case of a corporate licensee, each new officer who has the responsibility of operating the license for the corporation.
>
> (2) That the orientation required is to acquaint new licensees and those responsible for adherence to the requirements of the Liquor Code and Board promulgated regulations.
>
> (3) That Appellant was not adequately oriented to its new responsibilities of sales to licensees located outside the geographical district.
>
> (4) That Appellant was given no warning as to its failure to abide by the requirements of the Liquor Code or Regulations.

[3] In its second opinion addressing the second citation, the findings of fact made by the lower court were identical to those made in its first opinion, *see* footnote 2 *supra*, except that finding four differed as follows: "(4) That Appellant received warning that its sales made to out-of-district customers was improper as of April 30, 1980 and continued to make sales until June 14, 1980 at its own risk."

Inasmuch as this Court finds that Appellant's sales previous to April 30, 1980 [the first citation] are excusable, a material change has been made from the findings of fact made by the Board. Where a Court makes material changes in the findings of the Liquor Control Board, it can reduce the penalty imposed by the Board. (Citations omitted.)

The PLCB appeals both orders here and Allegheny Beverage appeals the order modifying the second fine from $500 to $400. Our scope of review, of course, is limited to a determination as to whether or not there is evidence to support the order of the PLCB and whether or not the court below committed an error of law or an abuse of discretion. *Shiloh American Legion Liquor License Case,* 61 Pa. Commonwealth Ct. 628, 434 A.2d 1314 (1981).

Both parties agree that the dispositive issue is whether or not the PLCB has a duty to advise a new licensee or a newly elected officer of a retail licensed corporation as to their statutory or regulatory legal responsibilities in the operation of their licensed business.

Initially, we find no express statutory or regulatory provision which imposes such a duty upon the PLCB. Allegheny Beverage nevertheless argues that the duty to so advise or orient is implied in the Code itself and that, absent a discharge of this alleged duty by the PLCB, a licensee cannot be cited and fined because there would be a lack of knowledge or intent to violate the section herein concerned. *Commonwealth v. Koczwara,* 188 Pa. Superior Ct. 153, 155-6, 146 A.2d 306, 308 (1958), however, held as follows:

Ordinarily under the Common Law intent is a necessary ingredient of a criminal offense, but not so as to violations of the police measures of the Liquor Code. This statute imposes crim-

inal penalties irrespective of any intent to violate them, the purpose, however difficult of attainment, being to require a degree of diligence for the protection of the public, which shall render violation impossible. . . . *Lack of intent or ignorance of facts contemplated by the Code, therefore, did not excuse the violations.* . . . That is settled law. (Citations omitted; emphasis added.)

Knowledge of its provisions or intent to violate the Code are not, therefore, necessary elements to be found for the PLCB to cite and fine a licensee for violations and we believe that there can consequently be no implied duty imposed upon the PLCB to advise or orient a new licensee before a penalty may be imposed. As our Supreme Court has made clear:

Individuals who embark on such an enterprise do so with knowledge of considerable peril, since their actions are rigidly circumscribed by the Liquor Code.

[T]he licensee . . . is under a duty . . . to regulate his own personal conduct in a manner consistent with the permit he has received. . . . Such fealty is the *quid pro quo* which the Commonwealth demands in return for the privilege of entering [this] highly restricted . . . business. . . . (Emphasis in original.)

*Commonwealth v. Koczwara*, 397 Pa. 575, 581, 155 A.2d 825, 828 (1959).

We must hold, therefore, that the court below erred in reversing the PLCB's imposition of the $400 fine for the first citation.

We must also hold that the court below erred in modifying and reducing Allegheny Beverage's second fine from $500 to $400. This modification was predicated on the lower court's erroneous belief that its

factual findings[4]—specifically its findings concerning the PLCB's supposed duty and failure to advise and orient this new licensee—constituted a "material change"[5] from the PLCB's findings sufficient to enable the court to modify the $500 fine for the second citation. It is obvious, we believe, that such modification is not permitted, *Latrobe Armed Services,* under these circumstances.

Finding that the PLCB's order is supported by sufficient evidence in the record, and that the court below erred as a matter of law, we must therefore reverse the orders of the lower court and reinstate the fines as imposed by the PLCB.

ORDER

AND Now, this 19th day of July, 1982, the orders of the Court of Common Pleas of Allegheny County in the above-captioned matters are hereby reversed, and the orders and/or fines imposed by the Pennsylvania Liquor Control Board upon Allegheny Beverage Comapny, Inc., are hereby reinstated.

---

[4] *See* notes 2 and 3 *supra.*

[5] It is well-settled that absent such "material changes," a reviewing court may not modify a penalty imposed by the PLCB for a violation of the Code. *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974).