In the Matter of Revocation of Club Liquor License No. C-1827, Issued to Americus Hose Co., Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued November 18, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Felix Thau,* with him *Patrick M. McHugh,* Counsel, and *J. Leonard Langan,* Chief Counsel, for appellant.

*Robert L. Walsh, Apfelbaum and Walsh,* for appellee.

OPINION BY JUDGE ROGERS, January 17, 1983:

The Pennsylvania Liquor Control Board has appealed an order of the Common Pleas Court of Northumberland County overturning fines imposed by the Board upon the Americus Hose Company, the holder of a club liquor license, totalling $650 for instances of maintaining and permitting gambling devices and giving liquor as prizes on a gambling device on its premises in violation of Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471. We reverse and order the fines reinstated.

No questions were ever raised as to the facts of the violations.

The appellee says that the order of the trial court was correct because a judge of the common pleas court had earlier enjoined criminal prosecution against the Americus Hose Company as illegal discriminatory en-

forcement of the gambling laws. This contention is meritless. In *V.J.R. Bar Corp. v. Liquor Control Board,* 480 Pa. 322, 390 A.2d 163 (1978) the Supreme Court held that the Board could impose sanctions for violation of the Liquor Code by permitting gambling even though criminal charges had been dismissed. That the offender in *V.J.R. Bar* was a private licensee and the appellee here was a non-profit corporation organized to do public service and charitable things is a distinction without a difference. In *Quaker City Development Co., Inc. Liquor License Case,* 25 Pa. Commonwealth Ct. 190, 359 A.2d 835 (1976) citations were upheld for gambling on the licensed premises where not only were there no arrests or prosecutions but the gambling was conducted by a church with the proceeds going to the church.

Order reversed, and the fines imposed by the Liquor Control Board are reinstated.

### ORDER

AND Now, this 17th day of January, 1983, the order of the Court of Common Pleas of Northumberland County in the above matter is hereby reversed, and the fines imposed by the Pennsylvania Liquor Control Board are reinstated.