Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Rico Franzoni, Jr. and Yvonne A. Franzoni, t/a Rico's Big Trout Inn, Appellee.

Submitted on briefs October 7, 1982, to Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, January 18, 1983:

The Pennsylvania Liquor Control Board (Board) appeals here from an order of the Court of Common Pleas of Elk County which reversed the Board's order of May 1, 1981. That order imposed a fine of $400 upon Rico and Yvonne Franzoni (licensees) for engaging in another business on the licensed premises (Rico's Big Trout Inn).

Officer Molitierno, an enforcement officer employed by the Board, testified that he commenced an investigation into this matter upon receiving a complaint that another business was being operated on the licensed premises. On three separate occasions he observed shelves behind the bar containing hats, knives, belt buckles, shotgun shells, rifle ammunition, turkey calls and other items of sports and hunting equipment, all marked with price tags. He also noted that approximately 40 paintings were hanging on the wall, also marked with price tags. He testified that, when he asked the bartender if these items could be purchased, she replied in the affirmative.

The record reveals that the basement of the Trout Inn had at one time been part of the licensed premises; however, upon the application of the licensee, the

Board had removed this area from the total area licensed and authorized the establishment of a business known as "The Cellar" in this basement area. "The Cellar" is engaged in the retail sale of sporting goods generally related to hunting and fishing and incidental momentos and memorabilia. It appears that some of these items were displayed on the licensed premises, and Rico Franzoni admitted that, if "The Cellar" was closed, he would sell some of these items on the licensed premises "as a service" to the customer.

The Board determined that the licensees had violated Board regulations by operating another business on the licensed premises, and fined them $400, which fine was subsequently modified to $250. The trial court, reasoning that "there is nothing prohibiting a licensee to operate a business even on his own premises nor prohibiting a licensee from operating another business on the premises", found that the licensees had not committed any violations and reversed the Board's order.

Our scope of review in a case of this nature is to determine whether or not there is evidence to support the Board's order appealed from and whether or not the trial court committed an error of law or an abuse of discretion. *Shiloh American Legion Liquor License Case,* 61 Pa. Commonwealth Ct. 628, 434 A.2d 1314 (1981).

The Board argues, and we would agree, that there is ample evidence in the record to suport its finding that the licensees operated another business on the licensed premises. Like the trial court, however, we are at a loss to understand what law or regulation the licensees thereby violated.

At the hearing before the trial court, counsel for both parties stipulated that the regulations pertinent to this violation are found at 40 Pa. Code §3.52, which provides:

(a) A licensee shall not permit *other persons* to operate any other business on the licensed premises.

(b) Licensed premises shall not have an inside passage or communication to or with any business conducted by the licensee or other persons *except as approved by the Board.* (Emphasis added.)

There is no allegation here that persons other than the licensees were operating a business on the licensed premises. Section 3.52(a), therefore, is clearly inapplicable. And, inasmuch as the uncontradicted evidence in the record reveals that the business known as "The Cellar" was approved by the Board, Section 3.52 (b) is also inapplicable. Of course, if the Board had presented evidence that the commingling of "The Cellar" business with the licensed business was in violation of the approval for "The Cellar" given by the Board, the situation would be different. The Board, however, did not contradict the evidence offered as to its approval or as to any violation of any conditions placed upon its approval, if there were any.

Another regulation which the trial judge considered relevant to the case at hand is found at 40 Pa. Code §5.22, and provides in pertinent part:

(a) A license to manufacture, transport, or sell liquor, malt or brewed beverages and alcohol, is a personal privilege to be exercised only by the individual to whom such license is issued. The operation of a licensed business generally requires the full-time attention of the licensee.

(b) No individual holding a retail license in his own name is permitted to be employed at, or engaged in, any other business, *except such associated business as permitted under §3.52 of this title* (relating to connection with other business). If the license is issued in the name of a

partnership, it is permissible for all the partners, except one, to have such outside employment. (Emphasis added.)

Inasmuch, however, as "The Cellar" had Board approval under §3.52, and because there is no evidence that such approval was ever revoked, Section 5.22(b) is also inapplicable.

While the Board has proved that items from another business operated by the licensees were offered for sale in the licensed premises, it has not shown that such activity was in contravention of the Board approval given to the operation of the other business on the floor below the licensed premises, or that such activity contravened any law or regulation.

Accordingly, we will affirm the order of the trial court.

### ORDER

AND Now, this 18th day of January, 1983, the order of the Court of Common Pleas of Elk County in the above-captioned matter is hereby affirmed.