In Re: Marilyn Lampl, trading as Mall Beverage Store etc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs February 28, 1983, to Judges
ROGERS, CRAIG and MACPHAIL, sitting as a panel of
three.

*Gary F. DiVito*, Assistant Counsel, with him *J.
Leonard Langan*, Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHAIL, April 19, 1983:

The Pennsylvania Liquor Control Board (Board)
appeals here from a decision of the Court of Common
Pleas of Allegheny County reversing the decision of
the Board which imposed a fine of $250.00 on Marilyn
Lampl, t/a Mall Beverage Store[1] (Licensee) for her
failure to maintain records in conformity with the
regulations promulgated pursuant to the Liquor Code
(Code).[2]

---

[1] The Licensee has operated a beer distributorship since 1977.

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101-9-902.

Although we do not have the benefit of a brief submitted by the Licensee the record reveals that the essential facts of this case are not in dispute. On March 12, 1980, the Board issued a citation to the Licensee for failing to maintain the following records on the licensed premises: a purchase register, a sales register and a perpetual inventory record. These records were required to be maintained under the regulations of the Board.[3] At a hearing before the Board, the Licensee admitted that such records were not maintained but that all of the information for such records was available from other records kept on the premises. The Board found Licensee to be in violation and fined her $250.00

In her appeal to the trial court, Licensee argued[4] that she did not knowingly violate the recording regulations because the Board had not provided her with an orientation session concerning her regulatory responsibilities in the operation of her licensed business, specifically with reference to the maintenance of the questioned forms.

The trial court made the following findings of fact:

(1) The Pennsylvania Liquor Control Board is obligated or (sic) orient each new licensee and, in the case of a corporate licensee, each new officer who has the responsibility of operating the license for the corporation.

(2) The orientation required is to acquaint new licensees and those responsible for

---

[3] 40 Pa. Code §§9.102, 9.103 and 9.104.

[4] Both parties stipulated before the trial court that the record made before the Board's hearing examiner be introduced into evidence to be considered by the trial court. Additional testimony, however, was taken from an employee of the Licensee. The Licensee also was present and available for cross-examination but she did not testify. Counsel stipulated that her testimony would be to the effect that she has never received any instructions from the Board concerning how the required records should be kept.

adherence to the Board regulations, with all forms necessary and the manner in which they are to be completed and maintained.

(3) The licensee was not adequately oriented to her new responsibilities of adherence to record keeping regulations.

(4) This licensee maintained complete records from which all necessary information could have been provided in the required purchase register, sales register and perpetual inventory record.

(5) Licensee was given no warning as to her failure to maintain records in the manner required by the regulations.

The trial court cited no statutory or case law authority for its holding that the Board was obligated to furnish instructions to the Licensee for proper record keeping; however, this precise issue was addressed in *Allegheny Beverage Co., Inc. v. Pennsylvania Liquor Control Board,* 67 Pa. Commonwealth Ct. 487, 447 A.2d 725 (1982),[5] *petition for allowance of appeal filed* August 10, 1982 (No. 194 W.D. Allocatur Docket 1982) where this Court held that the Board is under no duty, express or implied, to advise or orient a new licensee as to its duties before a penalty may be imposed. This Court in *Allegheny* further found that intent to violate the Code is not a necessary element to be found before the Board may cite and fine a licensee for violation.

Mindful of our scope of review, which is limited to a determination as to whether there is evidence to support the Board's order and whether the Court below committed an error of law or an abuse of discretion[6]

---

[5] We note that the trial court did not have the benefit of our decision in *Allegheny* when it handed down its order in this case since *Allegheny* was not filed until July 19, 1982.

[6] *Quaker City Development Co. Liquor License Case,* 25 Pa. Commonwealth Ct. 190, 359 A.2d 835 (1976).

518

we must hold that the trial court erred as a matter of law when it held that the Board was under a duty to furnish record keeping instructions to the Licensee. Since the Licensee admitted the violation and her reasons for doing so are insufficient as a matter of law to avoid the imposition of a penalty, the order of the trial court must be reversed.

### Order

It is ordered that the order of the Court of Common Pleas of Allegheny County numbered SA 1140 and dated November 18, 1980, is hereby reversed and the imposition of a Two Hundred Fifty Dollar ($250.00) fine by the Pennsylvania Liquor Control Board is reinstated.