In Re: GTRT, Inc., trading as Beer and Beverage Center. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

539

Submitted on briefs February 28, 1983, to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Patricia M. McHugh*, Assistant Counsel, with her *J. Leonard Langan*, Chief Counsel, for appellant.

No appearance for appellee.

Opinion by Judge MacPhail, April 21, 1983:

This appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County reversing the Board's decision to impose a $250.00 fine on GTRT, Inc. t/a Beer and Beverage Center (Licensee) involves the identical fact pattern and the exact issue this Court *Liquor Control Board*, 73 Pa. Commonwealth Ct. 514, 458 A.2d 660 (1983). The issue here as in *Lampl* is whether the failure of the Board to give a licensee specific instructions or orientation with respect to the maintenance of certain specific records, to wit, a purchase register, sales register and perpetual inventory

record as required by the Board's regulations[1] is a valid defense to the Licensee's admitted failure to maintain such records. In *Lampl* we noted that this Court had previously decided in *Allegheny Beverage Co., Inc. v. Pennsylvania Liquor Control Board*, 67 Pa. Commonwealth Ct. 487, 447 A.2d 725 (1982) that the Board was under no duty to advise licensees of their statutory or regulatory legal responsibilities in the operation of their licensed ppremises. We concluded in *Lampl* that that holding was directly applicable to the licensee's record keeping obligations.

We, accordingly, reverse the trial court in the instant case.

### ORDER

It is ordered that the order of the Court of Common Pleas of Allegheny County numbered SA 1139 and dated November 18, 1980, is hereby reversed.

---

[1] 40 Pa. Code §§9.102, 9.103 and 9.104.