542 A.2d 639

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Inntermission Lounge and Restaurant, Inc., Appellee.

Submitted on briefs April 19, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Ken Skelly,* Chief Counsel, for appellant.

*Edward A. McQuoid, King, Ruprecht & McQuoid,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 9, 1988:

The Pennsylvania Liquor Control Board (Board) fined Inntermission Lounge and Restaurant, Inc. (Lounge) $350.00 for possessing or operating gambling

devices or permitting gambling on licensed premises.[1] The Allegheny County Common Pleas Court vacated the penalty. The Board appeals; we reverse and remand.

A Pittsburgh City police officer played four video poker machines in the Lounge and was able to "knock down"[2] the credits accumulated on each machine (N.T. 2/10/87, p. 5). In a *criminal* proceeding pursuant to 18 Pa. C. S. §5513 (gambling devices; gambling), the Lounge was found not guilty.

The common pleas court in this *administrative* proceeding concluded that the criminal decision acted as collateral estoppel against the Board. We disagree.

In *V.J.R. Bar Corp. v. Pennsylvania Liquor Control Board,* 480 Pa. 322, 390 A.2d 163 (1978), our Supreme Court held that the Board may fine licensees for gambling on premises even though criminal charges based on the same conduct had been dismissed. This Court has consistently followed that precedent. *Americus Hose Co., Inc. Liquor License Case,* 71 Pa. Commonwealth Ct. 218, 454 A.2d 1165 (1983); *Mar-Kodis Diner v. Pennsylvania Liquor Control Board,* 110 Pa. Commonwealth Ct. 507, 532 A.2d 940 (1987).

Thus, we hold that the common pleas court erred in vacating the suspension on the grounds of collateral estoppel. However, since the opinion of the common pleas court fails to contain findings of fact and conclusions of law on the evidence presented, further appellate review is precluded.

The order of the common pleas court is reversed, and this matter is remanded for a decision on the evidence presented at the de novo hearing.

---

[1] Section 471 of the Liquor Code, Act of April 12, 1952, P.L. 90, *as amended,* 47 P.S. §4-471.

[2] A "knock-down" button enables an owner to record the number of free games erased by a switch.

ORDER

The order of the Allegheny County Common Pleas Court, Docket No. S.A. 1095 of 1986 dated March 9, 1987, is reversed. This matter is remanded for findings of fact and conclusions of law.

Jurisdiction relinquished.