569 A.2d 1005

**TOWNSHIP OF WEST MAHANOY, Appellant,**

v.

**NORTH SCHUYLKILL LANDFILL ASSOCIATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided Feb. 5, 1990.

Frank L. Tamulonis, Jr., Zimmerman, Lieberman & Derenzo, Pottsville, for appellant.

Martin J. Cerullo, Pottsville, with him, Edward C. Greco, Frumkin, Shralow & Cerullo, Philadelphia, for appellee.

Before CRAIG and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

The Township of West Mahanoy (Township) appeals from an order of the Court of Common Pleas of Schuylkill County (common pleas court) which granted a declaratory judgment in favor of the North Schuylkill Landfill Association (Association) and held that the Association is exempt from taxation under the Landfill Business Privilege Tax Ordinance (Ordinance) enacted by the Township.

The common pleas court determined that the Ordinance was enacted for general revenue purposes. The Association consists of seventeen municipal members and the common pleas court found that the Association conducts itself as a de facto intergovernmental compact in the operation of a sanitary landfill on property leased to the Association. The common pleas court concluded that the Association's activities are exempt as they constitute the use of public property for a public purpose as described and set forth in Article 8, Section 2 of the Pennsylvania Constitution[1] and Section 204(a) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–204(a).[2]

---

1. Article 8, Section 2 of the Pennsylvania Constitution provides:
   (a) The General Assembly may by law exempt from taxation:
   ....
   (iii) That portion of public property which is actually and regularly used for public purposes....

2. Section 204(a) of the General County Assessment Law provides:

On appeal the Township contends the common pleas court erred in finding that the Association, which is unincorporated, is a public entity; by finding that the operation of the sanitary landfill constitutes a public purpose; and finally, by finding that the Association is exempt from the Ordinance despite the generation of substantial revenues and surpluses from private, commercial and cash accounts.

■ Pa. R.C.P. No. 1601(a) provides that in declaratory judgment actions "practice and procedure shall follow, as nearly as may be, the rules governing the Action in Equity." Therefore, our scope of review is narrowed to whether the factual conclusions of common pleas court are supported by the evidence and whether the common pleas court has committed an error of law. *Palladino v. Dunn*, 361 Pa.Superior Ct. 99, 521 A.2d 946 (1987).

Initially, only solid waste from member municipalities was accepted at the landfill and member municipalities were assessed on a per capita basis to meet operating expenses. Eventually the Association began accepting solid waste from commercial and cash accounts and although the assessment charged to the Association's member municipalities has not changed, rates and receipts attributable to commercial and cash accounts have increased substantially.[3] The Association acknowledges that it has not operated with a balanced budget, and the court of common pleas found that the surpluses were necessary to defray the expense of closing the landfill within the year.

> The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
>
> · · · · ·
>
> (7) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same....

3. Prior to April 1, 1986, non-Association customers were charged $1.50 a cubic yard. As of October 16, 1988, the charge is $11.00. In 1982 Association receipts amounted to 56% of the total receipts and by 1989 only 5% of total receipts were attributable to the Association. (Stipulation of Fact, February 23, 1989, paragraph 8, Reproduced Record (R.R.) at 25a and Township's Brief at 11.)

■  The Association admits that its members never complied with the statutory requirements necessary for the formal creation of an authority, a corporation, or an intergovernmental compact.  Based upon a stipulation by the parties, the common pleas court recognized that all seventeen members of the Association are municipalities.  The common pleas court also found that the association conducts its affairs in accordance with the Sunshine Act[4] and in compliance with relevant bidding laws.  The court of common pleas concluded that the Association should be treated as any of its member municipalities.

Section 404 of the Ordinance provides:

404.  LEVY OF TAX.  A tax for general revenue purposes is hereby imposed, assessed and levied upon operators within West Mahanoy Township for the privilege of engaging in the sanitary landfill business at the rate of ten (10%) percent of the gross receipts from such business, from and after the effective date of this Ordinance.  No person shall engage in such business without complying with all of the provisions of this Ordinance in paying the tax hereby levied.

Section 405 provides for the calculation of gross receipts as follows:

405.  CALCULATION OF GROSS RECEIPTS.  In calculating the gross receipts from a sanitary landfill business, the operator shall include the total consideration received from all contractors, *excluding that received from member municipalities.*  (Emphasis added.)

West Mahanoy Township Landfill Business Privilege Tax Ordinance, Article 4, R.R. at 166a–167a.  The Township accurately notes that no tax is imposed upon any receipts from members of the Association but only upon receipts from commercial and cash operators.  The Township argues that the court of common pleas erred in finding that the landfill was operated by a public entity for a public purpose.

4.  Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286.

Recently the Pennsylvania Supreme Court in *Moon Area School District v. Garzony*, 522 Pa. 178, 560 A.2d 1361 (1989) reviewed whether parking lot operators could be compelled to collect a 15% tax on fees paid by patrons of non-residential parking lots within the School District as directed by the Moon Area School District Resolution 79–2 adopted pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. §§ 6901–6924. The Resolution described an operator as any person who collects the parking charge, including any governmental body, governmental subdivision, municipal corporation, public authority, non-profit corporation or any person performing as their agent. The School District convinced this Court that the "Management Agreement" between the county and the parking lot had not changed the latter's status from independent contractor to that of agent or employee. This Court went on to find the School District could impose the tax collecting duty on operators of private parking facilities within the School District. The Supreme Court reversed concluding that the School District had no authority to impose the duty to collect their parking tax on Allegheny County. The Supreme Court also determined that the County had such an extensive right to control the parking lot operator that the operator was a servant of Allegheny County and could not be compelled to collect the School District's tax.

Based upon the principles in *Garzony*, we find that the common pleas court did not err in determining that the Association is a servant of the member municipalities and cannot be compelled to collect the Township's tax.[5] While

---

**5.** The Associations By–Laws relevantly provide:

ARTICLE II. GENERAL PURPOSE

Providing assistance to individual Boroughs and Townships in maintaining municipal services on a non-profit basis.

. . . .

ARTICLE III. ACTIVITIES OF THE ASSOCIATION

The Association desires to engage in the following activities on a non-profit basis:

. . . .

we do not condone the failure of the member municipalities to adhere to the statutory prerequisites necessary to establish an intergovernmental compact, it is not necessary, for our review, to concur with the determination of the common pleas court that the Association was a de facto compact. The Township could not direct any of the individual member municipalities to collect the tax. Alternatively, if there was a partnership, or any other type of legal entity, such an entity, as an agent of the municipalities, cannot be directed to collect the tax.

Neither did the common pleas court err in determining that the use of the land as a landfill is a public use there being no question that such a use is reasonably necessary for the efficient operation of the member municipalities. We also agree with the common pleas court that the generation of a surplus to cover the impending costs of closing the landfill does not transform the nature of the public use. As Justice Papadakos noted:

> The rule in Borough of Wilkinsburg is based on broader considerations. At bottom, it is a rule designed to insure

(g) Assisting individual Boroughs and Townships to achieve a greater potential for industrial development through group planning.

ARTICLE IV. MEMBERSHIP

The following governmental units shall be considered charter members of the Association:

The Boroughs of Frackville, Mahanoy City,....

ARTICLE V. REPRESENTATION

Each Borough Council or Board of Supervisors for the governmental units specified in Article IV shall appoint one member of its Borough Council or Board of Supervisors as its delegate to the Association.

ARTICLE VI. VOTING

Each delegate shall be entitled to one vote on all matters presented for a vote at Association meetings.

ARTICLE VII. DUTIES OF ASSOCIATION REPRESENTATIVES

Delegates of the Association shall perform duties as follows:
....

(d) Furnish a report of Association meetings to the governmental unit represented;....

North Schuylkill Landfill Association By–Laws, as amended, May 31, 1983, R.R. at 170a–192a. Pursuant to the By–Laws of the Association and its activities it is clearly evident that the Association was not operating independently of the municipalities it represents.

the orderly conduct of business and public affairs between and amongst the various governmental agencies in the Commonwealth and to prevent needless, wasteful and time consuming controversies arising when one agency or political subdivision decides to challenge another. ·

*Garzony*, 522 Pa. at 186, 560 A.2d at 1366.

The order of the common pleas court is affirmed.

## ORDER

AND NOW, this 5th day of February, 1990, the order of the Court of Common Pleas of Schuylkill County, at No. S–1616–1987, dated May 19, 1989, is affirmed.