532 A.2d 940

Mar-Kodis Diner, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs September 17, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

508

*Abe Lapowsky,* for appellant.

*Sharon E. Holley,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, October 28, 1987:

Mar-Kodis Diner, Inc. (Appellant) appeals an order of the Court of Common Pleas of Philadelphia County upholding an order of the Liquor Control Board (LCB) fining Appellant $300 for permitting a gambling device on the premises. We affirm.

On May 7, 1984, Appellant's premises were searched by the Philadelphia police who discovered a "Double Chicken Draw Video Poker Machine" which they confiscated. This machine was found to contain $14.25, to be equipped with a knockdown button and a metering device, and it allowed a player to carry over a play from one game to another. The Pennsylvania Supreme Court in *Commonwealth v. Two Electronic Poker Game Machines,* 502 Pa. 186, 465 A.2d 973 (1983), held that these characteristics may satisfy the elements necessary for a machine to be considered a gambling device *per se.*[1]

---

[1] The three elements are: consideration, a result determined by chance rather than skill, and a reward.

The LCB issued a citation to Appellant charging it with a violation of the Liquor Code[2] for permitting "gambling, gambling devices, paraphernalia and/or lotteries on the licensed premises, on or about May 7, 1984" in violation of §5512[3] and/or §5513[4] of the Crimes Code, 42 Pa. C. S. §§5512, 5513. A hearing was held before a hearing examiner and subsequently, the LCB issued its order fining Appellant $300 for violation of the Liquor Code.

---

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101 to 9-902.

[3] This section, in pertinent part:

**Offense defined.**—A person is guilty of a misdemeanor of the first degree if he:

(1) sets up, or maintains, any lottery or numbers game;

(2) manufactures or prints, or sells, exposes for sale or has in his possession with intent to sell any unlawful lottery or numbers ticket or share, or any writing, token or other device purporting or intending to entitle the holder or bearer, or any other person, to any prize to be drawn or obtained in any lottery, or numbers game; or

(3) publishes any advertisement of any lottery or numbers game.

18 Pa. C. S. §5512(b).

[4] This section states, in pertinent part:

**Offense defined.**—A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards;

(2) allows persons to collect and assemble for the purpose of unlawful gambling at any place under his control;

(3) solicits or invites any person to visit any unlawful gambling place for the purpose of gambling; or

(4) being the owner, tenant, lessee or occupant of any premises, knowingly permits or suffers the same, or any part thereof, to be used for the purpose of unlawful gambling.

18 Pa. C. S. §5513(a).

Appellant appealed to the trial court. The parties agreed to submit the case to the trial court on the record made before the LCB. Appellant contended that the record would not support a finding that the Liquor Code had been violated because there was no evidence that it had knowledge at the time the machine was on its premises that the machine was a gambling device *per se* or that the machine had been used for gambling.

The trial court held that it was not necessary for the LCB to prove that Appellant knew the device was a gambling device when it was a *per se* gambling device. The trial court noted that such knowledge is only relevant in connection with forfeiture proceedings, where once the LCB has shown that the device is a gambling device, the burden shifts to the owner to show the property was not unlawfully possessed, section 602(e) of the Liquor Code, 47 P.S. §6-602(e), or when a device is not a *per se* gambling device. Since Appellant now does not dispute that the machine on its premises was a gambling device *per se,* the trial court concluded Appellant's knowledge of such while it was on its premises was irrelevant. The trial court upheld the LCB's order and dismissed the appeal.

On appeal to this court, Appellant contends that the mere presence of a *per se* gambling device on the premises is not a violation of section 5513 of the Crimes Code and that the LCB had the burden of proving that Appellant or its agents, servants or employees knowingly permitted a gambling device to be set up on the premises. Our scope of review of the trial court's *de novo* consideration of this case[5] is limited to a determination of

---

[5] Section 471 of the Liquor Code requires that on appeal to the trial court, "the court so appealed to shall in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court." We therefore will treat this

whether the LCB's order was supported by sufficient evidence and whether the trial court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Abraham,* 88 Pa. Commonwealth Ct. 244, 489 A.2d 306 (1985).

The LCB may impose sanctions upon the holder of a liquor license pursuant to section 471 of the Liquor Code, 47 P.S. §4-471, if it finds the licensee has violated a gambling statute, *Shiloh American Legion Liquor License Case,* 61 Pa. Commonwealth Ct. 628, 434 A.2d 1314 (1981), even if the conduct does not produce criminal charges. *V.J.R. Bar Corp. v. Liquor Control Board,* 480 Pa. 322, 390 A.2d 163 (1978).

The LCB charged Appellant with "permitting" gambling on its premises in violation of section 5512 and/or section 5513 of the Crimes Code. Section 5512 deals solely with lotteries and numbers games and is clearly not at issue. The term "permit" appears in section 5513(a)(4). This section is violated if "the owner, tenant, lessee or occupant of any premises, knowingly permits or suffers the same, or any part thereof, to be used for the purpose of unlawful gambling."

Appellant admits that the device found on its premises is a *per se* gambling device. By definition a *per se* gambling device has no other purpose than gambling. *Two Electronic Poker Game Machines.* Appellant does not dispute that it knew the device was present on its premises but argues that it did not know at that time that the device could be used only for gambling.

---

appeal as being from a *de novo* proceeding before the trial court. We note that in a *de novo* hearing under section 471, the trial court may not modify the penalty imposed unless it finds facts materially and significantly different from those of the board. *Pennsylvania Liquor Control Board v. Dobrinoff,* 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984).

Appellant's knowledge of the fact that the device could only be used for gambling is irrelevant to proving a violation of section 5513(a)(4). That section is violated if gambling is allowed on the premises. Appellant knew the device was on its premises. The only use of the device on the premises was gambling. That the device had been so used is obvious from the presence of the $14.25 found in the device. Therefore, the trial court did not err in concluding that it was not necessary for the LCB to prove Appellant knew the device was a *per se* gambling device in order to prove a violation of Section 5513(a)(4) and therefore a violation of the Liquor Code.[6]

Accordingly, we affirm.

### ORDER

AND NOW, October 28, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is affirmed.

Judge COLINS dissents.

---

[6] The LCB must prove a violation of the Liquor Code by a preponderance of the evidence. *See In Re: Omicron Enterprises*, 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982).