540 A.2d 617

Bateman-Gallagher Post No. 668, Home Association, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs February 4, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James M. Pierce, Pierce & Caniglia*, for appellant.

*Felix Thau*, Deputy Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, April 14, 1988:

Bateman-Gallagher Post No. 668, Home Association (Appellant) appeals an order of the Court of Common Pleas of Delaware County upholding an order of the Liquor Control Board (LCB) suspending Appellant's liquor license for ten days. We affirm.

Edward H. Kelly, an enforcement officer for the LCB, conducted an investigation of Appellant's premises from March 28, 1984 to May 8, 1984. As a result of Kelly's investigation, Appellant was charged with five violations of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101 to 9-902. The violations were: (1) selling alcoholic beverages to non-members; (2) permitting minors to frequent the premises; (3) selling alcoholic beverages to minors; (4) refilling state store liquor bottles; (5) permitting gambling, gambling devices, paraphernalia and/or lotteries on the premises. The LCB held a hearing on the alleged violations on February 27, 1985 and on December 12, 1985 issued its opinion and order. The LCB found that Appellant had committed the alleged violations and because it was Appellant's third citation within a period of four years,[1] imposed a ten day suspension of Appellant's liquor license.

Appellant appealed to the trial court which held a de novo hearing on June 8, 1987. At the end of the hearing, the trial court issued its decision from the bench. The trial court found Appellant had committed each of the five violations, dismissed Appellant's appeal, and upheld the LCB's ten day suspension of Appellant's liquor license.

---

[1] Section 471 of the Liquor Code, 47 P.S. §4-471, mandates suspension or revocation for a third violation of the Liquor Code within a four year period. Appellant has been penalized for violations in 1968, 1969, 1977, 1978, 1979, 1981 and 1983. Record exhibits C-2, C-3, C-4, C-5, C-6, C-7, C-8.

On appeal to this court, Appellant contends that the trial court's decision is not supported by sufficient evidence and that written applications of membership which require the applicants to attest to their age provides Appellant with a defense to the charge that it sold alcoholic beverages to minors when those minors are members who have completed such applications. Our scope of review where a Liquor Code violation is heard de novo by the trial court is limited to a determination of whether the trial court abused its discretion or committed an error of law and whether the LCB's order is supported by sufficient evidence. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

## Sufficient Evidence

Appellant makes a general allegation that none of the trial court's findings are supported by sufficient evidence. It specifically contends that (1) a portion of Kelly's testimony in reference to gambling being conducted on the premises is hearsay, and (2) it was an abuse of discretion for the trial court to not have considered the testimony of a member of Appellant's Board of Directors, Jules Falcone, and Appellant's bar manager, Winfield Emlet, that use of the gambling machines located on the premises was not authorized or approved.

Initially, we note that questions of witness credibility and evidentiary weight are for the trial court, not this court, to resolve. *In Re: Omicron Enterprises,* 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982). Kelly, a non-member, testified to a number of occasions in which he entered Appellant's premises and purchased beer. While questioned about membership on some of those occasions, he was never refused service but instead handed a guest register to sign. On two occasions he was asked to sign the register after he had been

served with and had paid for his beer. N.T. at 13-14, 17. This is sufficient to support violation (1). Two young men, one a member, testified that they bought beer on Appellant's premises on April 28, 1984 and that they were minors at that time. N.T. at 31, 52. This is sufficient to support violations (2) and (3). Kelly testified that he observed Emlet refilling a 750 ml bottle of Bacardi rum from a 1.75 liter bottle of Castillo rum. N.T. at 17. This is sufficient to support violation (4).

Violation (5) charged Appellant with permitting gambling and gambling devices on the premises. Kelly testified that he observed a patron place four quarters into a modified stamp machine, get four cards from the machine,[2] open them, yell "she got cherries," give the card to the bartender, and receive a dollar from the bartender. N.T. at 15-16. Appellant argues that Kelly's testimony as to what the patron yelled was hearsay and nonadmissible. We agree that this is hearsay but conclude that it was properly admitted under the excited utterance exception. See Commonwealth v. Little, 469 Pa. 83, 364 A.2d 915 (1976).[3] This testimony is sufficient to establish that gambling took place on the premises. The fact that such use was not approved or authorized is not a defense to the violation. See Mar-Kodis Diner, Inc. v. Liquor Control Board, 110 Pa.

---

[2] The device contained cards or tickets, with pictures of cherries, bells, or some type of fruit. Ripping the ticket is analogous to pulling the arm on a slot machine.

[3] The Pennsylvania Supreme Court in Little set forth the following requirements for hearsay to be admissible under the excited utterance exception:

The evidence must show that the declaration was spoken under conditions which insured that it was not the result of premeditation, consideration or design, and it cannot be in the form of a narrative or attempted explanation of past events.

469 Pa. at 87, 364 A.2d at 917.

Commonwealth Ct. 507, 532 A.2d 940 (1987). We also note that Falcone admitted the modified stamp machine was a gambling device and that he knew they were on the premises. N.T. at 63-65.

We conclude that sufficient evidence exists in the record to support the trial court's decision that Appellant committed the five violations.

## MEMBERSHIP APPLICATIONS

Section 493(1) of the Liquor Code, 47 P.S. §4-493(1), states that it is illegal to serve or sell alcoholic beverages to minors. The only defense against prosecution for selling alcohol to minors is compliance with section 495 of the Liquor Code, 47 P.S. §4-495. *146, Inc. v. Liquor Control Board,* 107 Pa. Commonwealth Ct. 79, 527 A.2d 1083 (1987). Appellant contends that its membership application and its guest register comply with the *contents* of the card requirements of section 495(c). We find no merit in this allegation.

Appellant's membership application and guest register are not part of the record and were not offered as evidence at the hearing. The requirements of section 495(c) are quite specific.[4] Appellant has offered *no* proof

_____

[4] Section 495(c) of the Liquor Code mandates:

In addition to the presentation of such identification card, the agent of the State Liquor Store or the licensee or his servant, agent or employe, shall require the person whose age may be in question to fill in and sign a card in the following form:

_____ 19____

I, _____, hereby represent to _____, a State Store or licensee of the Pennsylvania Liquor Control Board, that I am of full age and discretion and over the age of 21 years, having been born on _____ 19__ at _____. This statement is made to induce said store or licensee above named to sell or otherwise furnish alcoholic beverages to the undersigned.

that its membership application and guest registry comply with these requirements. In addition, we note that compliance with section 495 also requires that the minor have presented, prior to being served, either a driver's license or identification card bearing his or her date of birth, physical description, photograph, and signature. The two young men who testified they bought alcoholic beverages while minors also testified that they were not asked for any age identification. N.T. at 48, 52.

Accordingly, we affirm.

### ORDER

AND NOW, April 14, 1988, the order of the Delaware County Court of Common Pleas in the above-captioned case is affirmed.

Serial Number of Identification Card:
I understand that I am subject to a fine of $300.00 and sixty days imprisonment for any misrepresentation herein.

_____
(Name)

_____
(Address)

Witness:
Name _____
Address: _____

Such statement shall be printed upon a 3 inch by 5 inch or 4 inch by 5 inch file card, which card shall be filed alphabetically by the State Liquor Store or licensee, at or before the close of business on the day of which said certificate is executed, in a file box containing a suitable alphabetical index, and which card shall be subject to examination by any officer, agent or employe of the Liquor Control Board at any and all times.