592 A.2d 122

**In re Appeal of IGGY, INC. t/a Farm Restaurant.**

**Appeal of PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1991.

Decided May 30, 1991.

Stanley J. Wolowski, for appellant.

Sanford S. Finder, for appellee.

Before CRAIG, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and BYER, JJ.

McGINLEY, Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an order of the Court of Common Pleas of Washington County (common pleas court) modifying the penalties imposed on Iggy, Inc., t/a the Farm Restaurant (Licensee) by the Pennsylvania Liquor Control Board (Board). At issue is the proper scope of review for the common pleas courts under the 1987 amendment to § 471 of the Liquor Code (Liquor Code).[1] We reverse the common pleas court and hold that § 471 does not authorize the common pleas court to conduct a *de novo* review.

This case arises out of a citation issued by the Bureau on July 18, 1988 against Licensee. Licensee was charged with violating § 493(1) of the Liquor Code, 47 P.S. § 4–493(1) (serving alcoholic beverages to the visibly intoxicated), § 493(10) of the Liquor Code, 47 P.S. § 4–493(10) (permitting lewd, immoral or improper entertainment), and Board Regulation 5.32(d), 40 Pa.Code § 5.32(d) (permitting entertainers to contact or associate with patrons). A hearing was held on January 12, 1989, before an administrative law judge (ALJ). The ALJ found that Licensee committed the violations as charged, and imposed the following penalties: for the violation of Section 493(1), a fine of $500; for the

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—8–803.

violation of Section 493(10), a fine of $2,500 and a suspension of the license for ten days; and for the violation of Regulation 5.32(d), a fine of $750 and a suspension of the license for ten days. The Board affirmed the decision of the ALJ on August 4, 1989.

On August 23, 1989, Licensee appealed to the common pleas court. On November 2, 1989, Licensee and the Bureau stipulated and agreed to have the common pleas court review the case on the record made before the ALJ. However, the parties disagreed on the appropriate scope of review.

On January 29, 1990, the common pleas court issued an opinion and order in which it addressed the scope of review. The common pleas court determined that pursuant to the amended § 471 it had the authority to conduct a *de novo* review and to alter, change, modify or amend Board-imposed penalties.[2] Accordingly, the common pleas court found that the cited violations took place, but significantly reduced the penalties imposed. For authority to reduce the penalties the common pleas court relied upon *Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988), a decision which dealt with the scope of review of a common pleas court pursuant to § 471 of the Liquor Code *prior* to the 1987 amendments.

The Bureau filed a timely notice of appeal to this court on February 26, 1990, alleging that the common pleas court misinterpreted § 471 as amended in 1987, and incorrectly relied on *Adair* for authority to modify the penalties imposed by the Board.

Neither party disputes that the proper scope of review for the Board has been set forth by the legislature in amended § 471, which provides in pertinent part:

2. The common pleas court characterized its scope of review as follows:
   "... [T]he lower court is to conduct a *de novo* review, and in the exercise of its statutory discretion, make findings and conclusions. (Cite omitted.) Based upon its *de novo* review, the lower court may sustain, alter, change, modify or amend the penalty imposed by the board."
   Common Pleas Court's Opinion at 4.

§ 471. Revocation and suspension of licenses; fines
(b) Hearings on such citations shall be held in the same manner as provided herein for hearings on applications for license. Upon such hearing, if satisfied that any such violation has occurred, or for other sufficient cause, the administrative law judge shall immediately suspend or revoke the license, or impose a fine.... In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the adjudication of the administrative law judge, there shall be a right to appeal to the board. The appeal shall be based solely on the record before the administrative law judge. The board shall affirm the decision of the administrative law judge if it is based on substantial evidence; otherwise, the board shall reverse the decision of the administrative law judge. *In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the board, there shall be a right to appeal to the court of common pleas in the same manner as herein provided for appeals from refusals to grant licenses.*

47 P.S. § 4–471 (emphasis added).

In *Adair*, the Pennsylvania Supreme Court was faced with the same question now faced by this court: whether the common pleas court is required to make findings of fact which differ from the Board's findings in order to properly modify the penalty imposed. However, *Adair* was decided under the former version of § 471,[3] which stated:

In the event the person who was fined or whose license was suspended or revoked by the board shall feel aggrieved by the action of the board he shall have a right to

---

**3.** The common pleas court cites *Egbert v. Liquor Control Board,* 126 Pa.Commonwealth Ct. 232, 559 A.2d 105 (1989), and *Pennsylvania Liquor Control Board v. Sherman,* 129 Pa.Commonwealth Ct. 523, 566 A.2d 362 (1989), as cases decided after amended § 471 took effect and which utilize the *Adair* standard of review. These cases were originally pursued under the Liquor Code of 1951, however, and when enacted, the amended Liquor Code provided that its provisions should not affect any act done, liability incurred, right vested, or suit pending under the Liquor Code of 1951.

appeal to the court of quarter sessions or the county court of Allegheny County in the same manner as herein provided for appeals from refusals to grant licenses. *Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court . . . .*

(emphasis added.)

The *Adair* court found the language of § 471, as it stood at that time, clear and unambiguous, and held that its provisions did not require the court to make different findings or reach different conclusions in order to reject, alter, or modify the conclusions and penalties of the Board. *Adair* 519 Pa. at 115, 546 A.2d at 25. The *Adair* court went on to state "The [Liquor] Code authorizes the court to exercise its discretion, based upon its findings and conclusions, whether its findings and conclusions are the same as or different from those of the Board." *Id.*, 519 Pa. at 115, 546 A.2d at 25.

The common pleas court in the present case noted that the *Adair* court cited the language of the amended § 471 in a footnote, recognizing that the amended § 471 provided for reviews in the "manner" of Section 464 of the Liquor Code, 47 P.S. § 4–464 (§ 464), relating to appeals from refusals to grant licenses. The common pleas court concluded that the re-enacted § 464 provides for a review *de novo*, where the common pleas court has the authority to either sustain or overrule the action of the board, and either issue or deny a license, or a renewal, or a transfer.[4] *Adair*, 519 Pa. at 115, n. 8, 546 A.2d at 25, n. 8.

---

4. Section 4–464 of the Liquor Code, *as amended*, 47 P.S. § 464, provides:

The board may of its own motion, and shall upon the written request of any applicant for club, hotel or restaurant liquor license, . . . or for renewal or transfer thereof, whose application for such license, renewal or transfer has been refused, fix a time and place for hearing of such application . . . notice of which hearing shall be mailed to the applicant. . . . Such hearing shall be before a hearing

The *Adair* footnote, although it sets forth the current state of the law, does not contain any interpretation of the amended section. The Bureau argues that the language of the amended § 471 must not be interpreted to allow discretionary review in the common pleas court. The Bureau fears that the ALJ system, established and designed by the 1987 amendment to the Liquor Code to afford a licensee a full and fair administrative hearing, will be weakened and rendered ineffective if there is a *de novo* common pleas court review and that the ALJ hearing will be reduced to a mere discovery procedure.

Initially, we note that the former § 471 contained both instructions as to manner *and* scope of review. The amended § 464, to which the amended § 471 refers, also contains instructions as to manner *and* scope of review. We believe

examiner designated by the board. At such hearing, the board shall present its reasons for refusal or withholding of license.... The applicant may appear in person or by counsel, may cross-examine the witnesses for the board and may present evidence which shall likewise be subject to cross-examination by the board. Such hearing shall be stenographically recorded. The examiner shall thereafter report to the board upon such hearing. The board shall thereupon grant or refuse the license.... Considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance.... If the board shall refuse such license ... following such hearing, notice in writing of such refusal shall be mailed to the applicant.... In all such cases, the board shall file of record at least a brief statement in the form of an opinion of the reasons for the ruling or order and furnish a copy thereof to the applicant. Any applicant who has appeared at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license ... may appeal ... within twenty days from the date of refusal ... to the court of common pleas of the county in which the premises applied for is located. Such appeal shall be upon petition of the aggrieved party, who shall serve a copy thereof upon the board, whereupon a hearing shall be held upon the petition by the court upon ten days notice to the board. The said appeal shall act as a supersedeas unless upon sufficient cause shown the court shall determine otherwise. The court shall hear the application de novo on questions of fact, administrative discretion, and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or overrule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license to the applicant.

that the legislature considered the manner of review and the scope of review to be separate and distinct. While the legislature recognized that the manner of proceedings under the amended § 471 should follow the pattern set forth in § 464, it does not follow that the legislature intended the scope of review under the two sections to be the same.

Even if we agreed with the common pleas court that the amended § 471 requires the same sort of *de novo* review as § 464, the *de novo* standard expressed in § 464 cannot be equated with the *Adair de novo* standard which the common pleas court applied. The *Adair de novo* standard is best described as a direct interpretation of the language of § 471, prior to the 1987 amendments. The *Adair* court found that the former § 471 permitted the court, in the exercise of its discretion, to sustain, reject, alter or modify the conclusions and penalties of the board. *Adair*, 519 Pa. at 115, 546 A.2d at 24 (1988). In *Beach Lake United Methodist Church v. Liquor Control Board*, 126 Pa.Commonwealth Ct. 71, 558 A.2d 611 (1989) (*Beach Lake II*), this court held the application of the *Adair* standard of review to be inappropriate pursuant to the language of § 464, prior to the 1987 amendments. The court in *Beach Lake* quoted *Byer v. Pennsylvania Liquor Control Board*, 73 Pa.Commonwealth Ct. 336, 339, 457 A.2d 1344, 1346 (1983), which interpreted the standard of review under § 464 as forbidding the trial court from reversing a Board's decision unless there has been a manifest abuse of discretion, or the trial court makes findings of fact which vary from the findings made by the Board.

As we have noted above, the amended § 471 does not provide a standard of review to be used in the common pleas courts. However, it does specifically provide for a substantial evidence standard when the Board conducts a review of an ALJ decision: "The board shall affirm the decision of the administrative law judge if it is based on substantial evidence." 47 P.S. § 4–471. We cannot assert that the legislature, in enacting the amended § 471, intended to establish a review system for ALJ decisions where a

second review, in the common pleas court, is conducted with a different and broader scope of review than the initial review conducted by the Board.

The Bureau contends that the common pleas court's standard of review in appeals under the amended § 471 is found in 42 Pa.C.S. § 5105, which it interprets as limiting the common pleas court's review for Liquor Code enforcement actions to a review of the record as made by the ALJ and the Board. 42 Pa.C.S. § 5105(a)(2) provides for a right to appellate review from the final order of every government unit which is an administrative agency. 42 Pa.C.S. § 5105(d) deals with the scope of review for appeals covered under the section:

(1) Except as otherwise provided in this subsection an appeal under this section shall extend to the whole record, with like effect as upon an appeal from a judgement entered upon the verdict of a jury in an action at law and the scope of review of the order shall not be limited as on broad or narrow certiorari.

(2) An order which is appealable under [this section] but which would not be appealable under Chapter 7 of Title 2 [2 Pa.C.S. §§ 701–704], ... shall not be reversed or modified on appeal unless the appellant would be entitled to equivalent relief upon an action in the nature of equity, replevin, mandamus or quo warranto or for declaratory judgement or for a writ of certiorari or prohibition or otherwise objection to such order.

An appeal of a license suspension or revocation is an appeal from an administrative agency which is "not appealable" under the provisions of Administrative Agency Law.[5] We

---

**5.** Licensing suspension and revocation appeals are "not appealable" under Administrative Agency Law. As matters which may initially be appealed to the courts of common pleas under 42 Pa.C.S. § 933, an appeal from the Board's determination in a licensing suspension or revocation is not governed by the provisions of Administrative Agency Law. 2 Pa.C.S. § 701(b)(2). This court has previously noted the distinction between appeals governed by 2 Pa.C.S. § 701(b)(2) and 42 Pa.C.S. § 5105(d)(2), stating that the correct scope of appeal from a Commonwealth agency to a court of common pleas is set forth at 42 Pa.C.S. § 5105(d)(2). *Pennsylvania Labor Relations Board v. Stair-*

find that the scope of review found at 42 Pa.C.S. § 5105(d)(2) is applicable in appeals to the common pleas courts under § 471.

This Court has previously held that upon review of a final decree in equity, our scope of review is limited to determining whether the chancellor's findings are supported by substantial evidence, whether there was an error of law committed, or whether the chancellor abused his discretion. *Northview Motors v. Commonwealth Attorney General*, 128 Pa.Commonwealth Ct. 54, 57, 562 A.2d 977, 978 (1989). *See also, Austin v. Borough of Ligonier*, 122 Pa.Commonwealth Ct. 161, 551 A.2d 403 (1988) (replevin), *Randolph Vine Assoc. v. Zoning Board of Adjustment of Philadelphia*, 132 Pa.Commonwealth Ct. 452, 573 A.2d 255 (1990) (mandamus), *Commonwealth ex rel. Truscott v. Yiddisher Kultur Farband*, 382 Pa. 553, 116 A.2d 555 (1955) (quo warranto), *Township of West Mahanoy v. North Schuykill Landfill Association*, 131 Pa.Commonwealth Ct. 149, 569 A.2d 1005 (1990) (declaratory judgment), *Commonwealth v. Ash*, 134 Pa.Commonwealth Ct. 84, 577 A.2d 242 (1990) (writ of certiorari). Use of this standard is compatible with the substantial evidence review which § 471 mandates for review of the ALJ decision by the Board. It would be inconsistent to apply a *de novo* standard to a review in the common pleas court, and such a standard would unquestionably render the intermediate review by the Board meaningless. The consequences of a particular statutory interpretation must be considered because it must be presumed that the legislature did not intend an absurd or unreasonable result. *Valley Forge Industries, Inc. v. Armand Construction, Inc.*, 38 Pa.Commonwealth Ct. 603, 606, 394 A.2d 677, 678 (1978). *See also*, 1 Pa.C.S. § 1922(1).

Accordingly, the order of the common pleas court is vacated. We remand for proceedings consistent with this opinion.

KELLEY, J., dissents.

*ways, Inc.,* 56 Pa.Commonwealth Ct. 462, 466 n. 4, 425 A.2d 1172, 1174 n. 4 (1981).

## ORDER

AND NOW, this 30th day of May, 1991, the order of the Court of Common Pleas of Washington County in the above-captioned matter is vacated. We remand for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.