## Pennsylvania State Police Bureau of Liquor Control Enforcement v. CIC Investors No. 850 Ltd.

*Roy Harkavy,* for appellee.
*N. Curtis Ward,* for appellant.

NICHOLAS, *P.J.,* February 13, 1992—In these cases, consolidated for our review, the court was called upon to decide whether liquor licensees who permitted more than 1,000 minors to visit their licensed premises on a single date may properly have been found to have permitted minors to "frequent" their licensed premises within the meaning of the Pennsylvania Liquor Code (47 P.S. §4-493 (14)).

The facts of this matter are not in serious dispute. Appellant Irish-American Running Club Inc. (IARC), holder of liquor license no. C-3167, operates from the lower level basement of 160 North Gulph Road in King of Prussia, Montgomery County, Pennsylvania. Appellant CIC Investors No. 850 Ltd. t/a Flanigan's Brother Jim's (CIC), holder of liquor license no. R-AP-9562, operates on the upper level of 160 North Gulph Road. Mr. Jacob LaMotta Jr., is both manager of CIC and secretary-treasurer of IARC. A stairway and firedoor

connect the IARC and CIC premises to each other at 160 North Gulph Road.

On the night of February 18, 1990, Officer Bettina Bunting of the Bureau of Liquor Control Enforcement conducted an investigation at 160 North Gulph Road. In the course of her investigation, Officer Bunting observed between 1,000 and 1,100 minors circulating freely between the IARC and CIC premises, by means of the connecting stairway and firedoor, which had been propped open. This open passage has not been approved by the Liquor Control Board. Mr. LaMotta informed Officer Bunting that a "teen night" was in progress, during which minors were permitted, for a cover charge, to visit the establishments for socializing and dancing, with no alcohol served. Mr. LaMotta admitted to Officer Bunting that, other than IARC and CIC employees, no adults over the age of 25 were present to supervise the minors. Officer Bunting conducted a visual inspection of the premises and observed unlocked coolers and cabinets containing alcohol at both IARC and CIC, although Officer Bunting reported no sales of alcohol to minors nor any drinking by minors on the premises.

On the basis of Officer Bunting's investigation, the bureau issued citations against both IARC and CIC for violations of 40 Pa. Code §3.52(b) (for maintaining the unapproved open passage connecting IARC and CIC) and of 47 P.S. §§4.471 and 4-493(14) (for holding an improperly supervised social gathering of minors while unsecured alcohol remained on the premises).

On November 7, 1990, a hearing was held before Administrative Law Judge Felix Thau, with Officer Bunting testifying for the bureau and Mr. LaMotta testifying for IARC and CIC. At the hearing, Mr. LaMotta admitted: (a) that approximately 1,000 minors were present

for the teen night; (b) that the minors circulated freely between the IARC and CIC establishments via the stairway and firedoor; (c) that no adults aged 25 or older (other than employees of the licensees) were supervising the minors; and (d) that unlocked cabinets and coolers containing alcohol were present on both premises.

Administrative Law Judge Thau issued opinions on March 7, 1991, sustaining all counts against both CIC and IARC. Specifically, Judge Thau found that, in both cases, "Licensee, by servants, agents or employees permitted minors to frequent the licensed premises, on February 18, 1990, in violation of section 493(14) of the Liquor Code." Judge Thau imposed a fine of $2,000 upon CIC—$1,000 for violating 40 Pa. Code §3.52(b) and $1,000 for violating 47 P.S. §4-493(14). Judge Thau imposed a fine of $1,750 upon IARC—$750 for violating 40 Pa. Code §3.52(b) and $1,000 for violating 47 P.S. §4-493(14).

On August 15, 1991, the Pennsylvania Liquor Control Board affirmed Judge Thau's decision with respect to IARC. On August 16, 1991, the board affirmed Judge Thau's decision with respect to CIC. On August 26, 1991, IARC and CIC appealed to this court from the board's decisions.

A hearing on the appeals, consolidated for our review, was held before the undersigned on November 8, 1991. On November 18, 1991, after careful review of the entire record and the memoranda of counsel, we issued orders affirming the decisions of the board with respect to each appellant. On December 12, 1991, IARC and CIC appealed from our November 18, 1991, orders to the Commonwealth Court of Pennsylvania. On December 20, 1991, we directed appellants to file concise statements of the matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure

1925(b). Appellants filed identical concise statements on January 2, 1992.

Appellants essentially make two contentions of error in their concise statement:

(1) Administrative Law Judge Thau erred in refusing to consider appellants' constitutional claims; and

(2) Judge Thau and this court erred in not recognizing that, as a matter of law, appellants could not be found to have allowed minors to "frequent" their premises based upon the evidence produced.

We believe appellants' contentions to be without merit.

Appellants' first issue may be disposed of quickly, as it has not been preserved for review. Appellants apparently contend that 47 P.S. §4-493(14) is unconstitutional, although the specifics of this contention are unclear from the record. Appellants did not raise the constitutional issue in their hearing before Judge Thau, but only in post-hearing briefs. We agree with Judge Thau's analysis in his March 7, 1991, opinion, to wit:

"This position was not raised in licensee's pre-hearing memorandum. Indeed, in response to section I of the pre-hearing memorandum, which calls for the listing of any constitutional issues, counsel indicates: 'None.' Moreover, at no time during the pendency of the hearing did licensee assert any constitutional claim. We, therefore, consider it to have been waived." [P.9]

We note, also, that in their August 26, 1991, appeals to this court, appellants made no mention of any constitutional objection to the board's decision, and that appellants failed to raise any constitutional issue during the November 8, 1991, hearing before the undersigned. Appellants have thus waived the right to any review

of this issue. See, e.g., *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

We now proceed to address appellants' second contention of error, cognizant of our limited scope of review in the instant matter. In *Appeal of Iggy Inc.,* 140 Pa. Commw. 168, 592 A.2d 122 (1991), the court held that the Court of Common Pleas' review of Liquor Code enforcement actions is limited to determining whether the administrative law judge's findings are supported by substantial evidence, whether an error of law was committed, and whether the administrative law judge abused his discretion. In *Valley View Association v. Zoning Bd. of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1981), our Supreme Court defined "substantial evidence" as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the instant case, we believe Judge Thau's decision to be supported by substantial evidence, and we find no error of law or abuse of discretion.

Appellants were cited for violating 47 P.S. §4-493(14), which makes it unlawful for the holder of liquor licenses such as appellants' to permit minors to "frequent" his licensed premises:

"Provided, however, that it shall not be unlawful ... to permit minors under proper supervision upon the licensed premises ... for the purpose of a social gathering, even if such gathering is exclusively for minors. In the event the area of such gathering cannot be segregated from the remainder of the licensed premises, all alcoholic beverages must be either removed from the licensed premises or placed under lock and key during the time the gathering is taking place."

Section 4-493(14) defines "proper supervision" as:

"the presence ... of one person 25 years of age or older for every 50 minors or part thereof who is directly

responsible for the care and conduct of such minor or minors.... The presence of the licensee or any employe[e] or security officer of the licensee shall not constitute proper supervision."

We agree with the bureau that appellants permitting more than 1,000 minors to gather on their licensed premises without providing proper supervision and without properly securing (according to the statute) alcoholic beverages constitutes a violation of §4-493(14). Appellants counter that: (a) The statutory language relating to properly supervised social gatherings of minors establishes an affirmative defense to a charge of permitting minors to "frequent" a licensed premises; (b) the bureau, in order to prevail, was therefore required to prove that appellants permitted minors to "frequent" their premises; and (c) a charge of "frequenting" cannot be sustained on the basis of a single visit of minors to a licensed premises, no matter how large the number of minors participating in the visit, and it is therefore irrelevant that the "teen night" was not supervised according to the requirements of the statute.

Although the court could find no case law directly on point, after careful analysis of the statute and the case law cited by appellants, we rejected appellants' contention that a charge of permitting frequenting may never be sustained on the basis of a visit by a large number of minors to a licensee's premises on a single occasion.

Appellants cite a number of cases purportedly supporting their position, beginning with *Speranza Liquor License Case,* 416 Pa. 348, 206 A.2d 292 (1965). Without exception, appellants' cases involve facts quite distinct from those of the instant matter, and none involved large social gatherings of minors taking place on a

licensee's premises where said minors were present at the invitation of the licensee. The basic thrust of the cases cited by appellants is that the visit of a small number of minors to a licensed premises on a single occasion cannot support a charge of frequenting. There is, however, nothing whatever in the reasoning of these cases requiring a mechanical approach to defining "frequenting" which would bar a finding of frequenting where a licensee has *invited* a large number of minors to its premises for a teen night and then failed to take the required statutory measures to supervise that gathering.[*]

Upon a close reading of *Speranza* and its progeny, it appears evident that the reluctance of the courts to sustain charges of frequenting based upon a single occasion of minors being present on the premises derives from a concern that "frequenting" implies that the licensee has *acquiesced* to the presence of minors on its premises. While such acquiescence may be demonstrated by proving that the licensee engaged in a pattern of conduct of allowing minors onto the premises, a single visit by a small number of minors would not normally, in and of itself, prove such a pattern and would not demonstrate the active acquiescence of the licensee to the presence of the minors. A single visit of a small number of uninvited minors could indeed

---

[*] In *Bateman-Gallagher v. Liquor Control Bd.*, 115 Pa. Commw. 348, 540 A.2d 617 (1988), the court appeared to find it sufficient to support a charge of frequenting that two minors had purchased alcohol on a licensee's premises on a single date, indicating that a charge of frequenting might actually be sustained on the basis of an even *small* number of minors visiting a licensed premise on a single occasion under appropriate circumstances.

be nothing more than accidental, and could happen even to the most diligent licensee. As the *Speranza* court stated, "it must be established by a fair preponderance of specific evidence that, as a course of conduct, licensees permit minors to come on the premises." *Speranza,* 416 Pa. 348 at 352, 206 A.2d at 298, cited with approval in *Matter of Banks,* 53 Pa. Commw. 11 at 14, 416 A.2d 631 at 632 (1980).

In the instant case, the reasoning behind *Speranza's* holding is clearly satisfied. Appellants here not only acquiesced to the presence of the minors on their premises, they *invited* the minors, and then failed to institute the safeguards required by the statute for supervising their underage guests. Again, neither in *Speranza* nor in any subsequent decided case was the court presented with a situation where a licensee *solicited* a large number of minors to visit its premises, albeit on a single occasion. To refuse to recognize appellants' conduct here as the permitting of minors to frequent the establishment would be nothing more than obfuscation.

It is important to emphasize that our holding in the instant matter in no way challenges either the reasoning or the results in *Speranza* and its following cases. Where the number of minors at issue is small and/or the minors have not been invited onto the premises by licensee, it would clearly be inappropriate to find that a single visit by the minors supports a charge of permitting frequenting. But where the number of minors at issue is large, and those minors were invited onto the premises by licensee (a scenario not faced by either *Speranza* or its progeny) it would be equally inappropriate to deny that licensee has permitted minors to frequent his establishment. We note here that one of the standard dictionary definitions of the verb "to frequent" is "to

crowd or fill" (*Webster's Third New International Dictionary*), a definition certainly met by the facts of the instant case, where more than 1,000 minors visited the licensed premises, overflowing into the parking lot.

We believe our interpretation of §4-493(14) is fully consonant with the intent of the legislature. As the Commonwealth Court noted in *Appeal of Iggy Inc., supra.* "The consequences of a particular statutory interpretation must be considered because it must be presumed that the legislature did not intend an absurd or unreasonable result." *Iggy*, 140 Pa. Commw. 168 at 176, 592 A.2d 122 at 127. In the instant case, adopting appellants' interpretation of the statute would, of necessity, lead to an absurd result. Appellants argue, in effect, that if *one* teenager visited appellants' premises *three* times without proper supervision, then appellants would be guilty of permitting frequenting, but that a visit by 1,000 teenagers on only one occasion can never constitute frequenting. There is simply no logical basis for concluding that the legislature intended such a bizarre result. If the purpose of the statute is to restrict the access of minors to alcohol, it would seem obvious that there is actually more inherent danger in permitting 1,000 unsupervised minors on a licensed premises on a single occasion than there is in several visits to a licensed premises by a small number of minors. If, as *Speranza* indicates, the purpose behind requiring proof of visits by minors on more than one occasion is to demonstrate a course of conduct on licensee's part actively acquiescing to the presence of minors, then this purpose is met by establishing that licensees themselves opened their premises for the teen night and invited minors into their establishments.

We also note that the language of §4-493(14) recognizing a *properly* supervised social gathering as an affirmative defense to a charge of frequenting was added to the statute by Act. no. 117, 1980. Clearly, if the legislature had not considered the invited presence of a large group of minors *without* proper supervision to constitute frequenting, there would have been no need for the legislature to amend the statute to create this affirmative defense. The clear intention of the legislature is that a licensee has permitted frequenting when it has invited a large group of minors to gather on its premises and has failed to properly supervise those minors. The licensee may not avail itself of the affirmative defense to the frequenting charge that the minors' presence constituted a valid social gathering where, as in the instant case, the licensee failed to secure the alcohol on its premises and failed to provide the statutorily required adult supervision. We note that the holding of the court in *Liquor Control Bd. v. T.J.J.R. Inc.,* 120 Pa. Commw. 313, 548 A.2d 390 (1988) provides considerable support for our interpretation. In *T.J.J.R.,* the court clearly held that the burden is on the *licensee* to prove that minors on its premises were properly supervised in order for the licensee to establish an affirmative defense to a charge of permitting frequenting. It seems implicit in the court's holding that a social gathering of minors conducted without proper supervision would thus constitute the permitting of frequenting.

For all the foregoing reasons, our orders of November 18, 1991, should be affirmed.