IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police, :
Bureau of Liquor Control :
Enforcement, :
                Appellant :
 :
          v. : No. 575 C.D. 2016
 : ARGUED: December 15, 2016
Jet-Set Restaurant, LLC :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY              FILED: April 13, 2017

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau), appeals from the order of the Court of Common Pleas for Berks County affirming the decision of the Pennsylvania Liquor Control Board (Board). The trial court determined that Jet-Set Restaurant (Jet-Set) had not violated section 493(14) of the Liquor Code[1] because it determined that there was insufficient evidence to show that Jet-Set had permitted minors to frequent the restaurant. We affirm.

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4-493(14).

Jet-Set is a liquor licensee operating as a bar and restaurant located in Reading, Berks County. On November 1, 2014, Bureau enforcement officers conducted an investigation at Jet-Set regarding underage persons present inside the establishment. Bureau officers found four underage females, all twenty years old, inside Jet-Set. Bureau officers observed three of the underage females provide identification to the doorman to gain entrance to the establishment even though their identification showed that each was underage. Bureau officers observed one of the females purchase a bottle of beer inside Jet-Set, and observed another consume two bottles of beer purchased by another patron of the bar. Bureau officers also learned that one of the females had been inside Jet-Set on one prior occasion in 2014.

On December 29, 2014, the Bureau cited Jet-Set, alleging (1) that Jet-Set permitted several underage minors to frequent the premises in violation of section 493(14) of the Liquor Code; and (2) that Jet-Set furnished alcohol to underage minors in violation of section 493(1). On May 19, 2015, an administrative law judge (ALJ) issued an adjudication dismissing Count 1 and sustaining Count 2. On June 19, 2015, the Bureau appealed the dismissal of Count 1 to the Board, which issued an opinion and order affirming the ALJ's adjudication on August 19, 2015. On September 3, 2015, the Bureau appealed the Board's order to the trial court. On March 15, 2016, the trial court affirmed the Board's order. This appeal followed.[2]

---

[2] Our standard of review over a liquor enforcement appeal is whether the trial court abused its discretion or committed an error of law, and if the trial court's findings of fact are supported by substantial evidence. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 639 A.2d 14 (Pa. 1994).

2

The sole issue in this case is whether Jet-Set violated section 493(14) of the Liquor Code when it allowed underage minors to enter the restaurant on two separate occasions in 2014.[3] The statute prohibits a liquor licensee from permitting any underage minor to frequent a licensed premises unless the minor is accompanied by a parent or legal guardian, under proper supervision, attending a social gathering, or the licensee's gross sales of food or nonalcoholic beverages are equal or greater to 50 percent of its combined gross sales. 47 P.S. § 4-493(14). In *Appeal of Speranza,* our Supreme Court determined that to "frequent" means to visit a licensed premises often, to resort to the licensed premises habitually, to recur again and again, or on more than one or two visits. 206 A.2d 292, 294 (Pa. 1965). While it is not necessary for the same underage minor or minors to come to the premises habitually in order for a licensee to be in violation of section 493(14), it must be established that the licensee permits minors to come on the premises as a course of conduct. *Id.*

> When *Speranza* was decided in 1965, section 493(14) read:
>
> It shall be unlawful… [f]or any hotel, restaurant or club liquor licensee, or any retail dispenser, his servants, agents or employes, to permit persons of ill repute, known criminals, prostitutes or minors to frequent his licensed premises or any premises operated in connection therewith, except minors accompanied by parents, guardians, or under proper supervision.[4]

---

[3] We note that Jet-Set has not challenged the adjudication on Count 2 of the December 29, 2014 citation, pertaining to Jet-Set furnishing alcoholic beverages to two underage minors in violation of section 493(1) of the Liquor Code, 47 P.S. § 4-493(1).

[4] Act of April 12, 1951, P.L. 90, *former* 47 P.S. § 4-493(14).

The statute was amended in 2003 to prohibit:

> … any hotel, restaurant or club liquor licensee, or any retail dispenser, his servants, agents or employes, to permit persons of ill repute or prostitutes to frequent his licensed premises or any premises operated in connection therewith. Minors may only frequent licensed premises if: (a) they are accompanied by a parent; (b) they are accompanied by a legal guardian; (c) they are under proper supervision; (d) they are attending a social gathering; or (e) the hotel, restaurant or retail dispenser licensee has gross sales of food and nonalcoholic beverages equal to fifty per centum or more of its combined gross sale of both food and alcoholic beverages.[5]

Differences exist between the 1965 *Speranza* version of section 493(14) and the current statute as amended. Both statutes contain a complete bar on prostitutes and persons of ill repute from ever frequenting a licensed premises for any reason, while both allow minors to frequent in limited, supervised circumstances. However, the 2003 amendments created the "Pizza Hut Exception,"[6] allowing minors to frequent a licensed premises if a licensee's gross sales of food and nonalcoholic beverages equal fifty percent or more of its total sales of food and alcohol. In this respect, the 2003 amendments actually expanded the circumstances in which minors are permitted to frequent a licensed premises beyond those that existed at the time of *Speranza*.

---

[5] Act of May 8, 2003, P.L. 1, 47 P.S. § 4-493(14).

[6] *See Licensees, Minors & the Law*, PA. LIQUOR CONTROL BD., *available at* https://www.lcbapps.lcb.state.pa.us/webapp/education/item_images/4094.pdf, last visited February 15, 2017.

The Bureau argues that the 2003 revisions to the Liquor Code changed the meaning of "frequent" from the *Speranza* articulation. Though the amended statute does not specifically define the word "frequent," the Bureau attempts to assign a different definition to "frequent" than the definition that has existed in more than fifty years of statutory revisions and case law.

When our Supreme Court has construed the language in a statute, we presume that the legislature intends for the same construction of the language to exist in subsequent statutes on the same subject matter. 1 Pa.C.S. § 1922(4). Here, our Supreme Court clearly defined that in order to "frequent" a licensed premises, a minor must be inside the premises on more than one or two occasions. *Speranza*, 206 A.2d at 294. The legislature continued to use the term "frequent" when amending section 493(14) in 2003, and the Bureau has presented no evidence that the legislature intended to use any definition for "frequent" other than the definition that existed from 1965 to 2003. As a result, we presume that the legislature intended to retain the same definition. 1 Pa.C.S. § 1922(4).

The trial court did not commit an error of law in determining that Jet-Set did not allow minors to frequent Jet-Set in violation of section 493(14). The Supreme Court in *Speranza* unambiguously defined "frequenting" as a minor entering a licensed premises on more than one or two occasions. *Speranza*, 206 A.2d at 294. Here, Jet-Set was cited for permitting a minor to be present in a licensed premises on two occasions in 2014. We see no distinction between the *Speranza* definition of "frequent" and the definition in place following the 2003

amendments. The legislature had ample opportunity to modify the accepted definition or use another term when drafting the 2003 amendments. The choice to use the same term demonstrates acceptance of the existing definition.

In light of the *Speranza* decision, the meaning of the term "frequent" in section 493(14) appears to be unambiguous. However, even if the meaning of the term was susceptible to more than one reasonable interpretation as a result of the 2003 amendment, we would nevertheless conclude that the Bureau could not prevail in this instance. Section 494(a)[7] of the Liquor Code provides that one who violates section 493(14) shall be guilty of a misdemeanor and subject to a fine and potential incarceration. 47 P.S. § 4-494(a). Thus, section 493(14) is a penal statute, and as such it must be narrowly construed. 1 Pa.C.S. § 1928(b)(1). Consequently, if the meaning of "frequent" is unclear, the ambiguity "should and will be construed against the government." *Richards v. Pennsylvania Board of Probation and Parole,* 20 A.3d 596, 600 (Pa. Cmwlth. 2011) (citation omitted).

The trial court did not err in determining that Jet-Set did not allow minors to frequent a licensed premises in violation of section 493(14) of the Liquor Code. Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

---

[7] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4-494(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police, : 
Bureau of Liquor Control : 
Enforcement, : 
             Appellant : 
              : 
         v. : No. 575 C.D. 2016
              : 
Jet-Set Restaurant, LLC : 

## O R D E R

AND NOW, this 13th day of April, 2017, the order of the Berks County Court of Common Pleas is affirmed.

_____

JULIA K. HEARTHWAY, Judge

Pennsylvania State Police, :
Bureau of Liquor Control :
Enforcement, :
    Appellant :
          : No. 575 C.D. 2016
    v. :
          : Argued: December 15, 2016
Jet-Set Restaurant, LLC :


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE JULIA K. HEARTHWAY, Judge


***OPINION NOT REPORTED***

DISSENTING OPINION
BY JUDGE McCULLOUGH       FILED: April 13, 2017


    I respectfully dissent from the thoughtful majority. In this case, the Pennsylvania State Police Bureau of Liquor Control Enforcement (Bureau) issued a citation to Jet-Set Restaurant (Jet-Set), alleging in Count I that on November 1, 2014, and one other occasion in 2014, the establishment knowingly permitted four minors to "frequent" the bar in violation of section 493(14) of the Liquor Code.[1] Of the four minors that were on the premises on November 1, 2014, three of them displayed identification to Jet-Set's doorman which showed that they were minors and they were still permitted to enter; two of the minors either purchased or consumed alcohol; and one of them was permitted on the premises sometime

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(14).

before November 1, 2014. Contrary to the Majority, I would conclude that these allegations suffice to prove a violation of section 493(14) of the Liquor Code and would reinstate Count I.

From its inception until 2003, former section 493(14) of the Liquor Code stated in pertinent part: "It shall be unlawful . . . [f]or any [bar] to permit . . . minors to frequent [the] licensed premises or any premises . . . except minors accompanied by parents, guardians, or under proper supervision." *Former* 47 P.S. §4-493(14). Although the term "frequent" was generally interpreted to mean "more than one or two visits" or occasions, *Appeal of Speranza*, 206 A.2d 292, 294 (Pa. 1965), the exact scope of the word "frequent" has been unclear and seemingly malleable:

> To 'frequent,' in the context of the relevant statutory provision, means to visit often or to resort to habitually or to recur again and again, or more than one or two visits . . . . We do not mean to say that it must be found that the same minor or minors come to the premises habitually. But it must be established by a fair preponderance of specific evidence that, **as a course of conduct**, licensees permit minors to come on the premises.

*Id.* (emphasis added). In *Speranza*, ten minors were on the bar's premises, for the first time and on one occasion, and only consumed pizza and soft drinks. Our Supreme Court concluded that this evidence was insufficient to establish that the bar permitted minors to "frequent" the premises.

In 2003, approximately forty years after *Speranza* was decided, the General Assembly revised and amended section 493(14), which now reads in relevant part:

(14)   Permitting undesirable person or minors to "frequent" premises.

*   *   *

Minors may only frequent licensed premises if: (a) they are accompanied by a parent; (b) they are accompanied by a legal guardian; (c) they are under proper supervision; (d) they are attending a social gathering; or (e) the hotel, restaurant or retail dispenser licensee has gross sales of food and nonalcoholic beverages equal to fifty per centum or more of its combined gross sale of both food and alcoholic beverages.

Act of May 8, 2003, P.L. 1, 47 P.S. §4-493(14).

In my view, this alteration in language evidenced a change in the General Assembly's intent, as that intent was gleaned by the court in *Speranza*. I agree with the Bureau that the former version "prohibited a specific classification of patrons from 'frequenting' a bar," while in the current formulation, the General Assembly stated "with great specificity the only circumstances when a minor may be in a bar, compelling the conclusion that the general rule is that minors are not permitted in bars." (Bureau's brief at 16-17.)

Notably, the current version of section 493(14) is clearly intended to protect minors and all the exceptions permitting a minor to be on the licensed premises relate to a single occurrence or event – e.g., when attending with a parent/legal guardian or a social gathering. Based upon this change in phraseology (from "It shall be unlawful . . . [f]or any [bar] to permit . . . minors to frequent [the] licensed premises" to "Minors may only frequent licensed premises if . . ."), the General Assembly plainly refers to the legality of the presence of minors in a bar in terms of a single occasion. This reasoning, in turn, strongly supports the conclusion that any time a minor is present on a bar's premises, except for one of

the reasons listed in the five statutory exceptions, the bar has permitted the minor to unlawfully visit or "frequent" the premises.

At the same time, it must be emphasized that the Liquor Code was written to restrict access to alcohol to only those people that the General Assembly saw fit to consume it and promote the health and safety of the Commonwealth. The General Assembly has determined that people who are under the age of 21 are, per se, unable to assume the responsibility that goes along with consuming alcohol and, therefore, these "minors" should not be on the premises of a bar unsupervised when it is operating primarily as a bar. To the extent that *Speranza* can be interpreted to construe "frequent" to always mean two or more different occasions – regardless of how many minors are on the premises, the manner in which they entered the premises, and what they did on the premises – that case directly conflicts with General Assembly's intent, goals, and public policy determinations, and it is well-settled that a statute must be construed to favor the public interest as against any private interest. Section 1922(g) of the Statutory Construction Act, 1 Pa.C.S. §1922(g).

Moreover, the *Speranza* doctrine is not well formulated or clear in all its possible factual applications. Indeed, in the post-*Speranza* era, this Court indicated that, under the appropriate circumstances, a charge of frequenting may be sustained on the basis of a small number of minors visiting a licensed premise on a single occasion. *Bateman-Gallagher v. Liquor Control Board,* 540 A.2d 617, 619-20 (Pa. Cmwlth. 1988). In *Bateman-Gallagher*, we concluded that the evidence was sufficient to support a violation of section 493(14) where two minors entered a bar; one of the minors was a member of the bar and the other was a guest; and the licensee apparently permitted the minors in the bar because the member previously

filled-out an application and signed-in the guest on a registry. However, there was nothing in the record to show that the member's application or the registry he signed confirmed that the minors were of legal age, and both minors were not carded before purchasing and consuming alcoholic beverages. The facts of this case are much closer to *Bateman-Gallagher* than they are to *Speranza*. Moreover, in *Speranza,* there was a single incident of ten minors going to a bar and eating pizza, and none of the minors attempted to purchase alcohol or were served an alcoholic drink by any patron of the bar or the bar itself. Unlike the case at hand, in *Speranza* there also was no evidence that the ten minors had been carded by the bar itself and then permitted entry despite the fact that they were known to be underage.

Given this background and context, I would conclude that Jet-Set permitted "frequenting" in violation of the current version of section 493(14) of the Liquor Code. Here, none of the statutory exceptions are applicable and the facts demonstrate that four minors were on Jet-Set's premises on one occasion (November 1, 2014) and one of these minors was on the premises on another occasion. Importantly, with respect to the November 1, 2014 occasion, unlike the facts in *Speranza*, a Jet-Set employee checked three identification cards, positively ascertained that these three people were minors, yet permitted these minors to enter into the bar, wherein two of them purchased and/or consumed alcohol. Ultimately, this conduct reflects active acquiescence, promotion or, in other words, a pattern and practice on the part of Jet-Set in knowingly and willingly permitting minors to frequent the bar. In explaining the difference between the situation where a licensee accidentally permits minors to be on the premises and the scenario where the licensee actively promotes such behavior, one court explained:

> Upon a close reading of *Speranza* and its progeny, it appears evident that the reluctance of the courts to sustain charges of frequenting based upon a single occasion of minors being present on the premises derives from a concern that "frequenting" implies that the licensee has *acquiesced* to the presence of minors on its premises. While such acquiescence may be demonstrated by proving that the licensee engaged in a pattern of conduct of allowing minors onto the premises, a single visit by a small number of minors would not normally, in and of itself, prove such a pattern and would not demonstrate the active acquiescence of the licensee to the presence of the minors. A single visit of a small number of uninvited minors could indeed be nothing more than accidental, and could happen even to the most diligent licensee . . . .

*Pennsylvania State Police Bureau of Liquor Control Enforcement v. Cic Investors No. 850*, 13 Pa. D. & C. 4th 518, 524-25 (1992). The court in *Cic Investors* then concluded that where minors visit a bar on only one occasion, the Bureau can nevertheless establish that the bar engaged in an impermissible course of conduct when the bar was "actively acquiescing to the presence of minors . . . ." *Id.* at 525. The Bureau has met that standard here.

Therefore, regardless of whether "frequent" is currently interpreted to mean that ipso facto, a minor may not be inside a bar on a single occasion, unless the minor falls within one of the statutory exceptions, or whether the term is construed to incorporate the *Speranza* definition and progeny, I would conclude that the tribunals below erred in dismissing Count I.

Accordingly, I respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge

PAM - 6